## City of Paducah v. Simmons.

(Decided October 5, 1911.)

### Appeal from McCracken Circuit Court.

1. Municipal Corporations—Duty to Keep Streets and Public Ways Free from Obstructions.—A city must keep its streets and public ways in reasonably safe condition for travel by persons exercising ordinary care for their own safety.

2. Grass Plots in Public Ways—Protection of—Barriers May be Erected.—Cities have the right to save from injury and protect from travel by suitable barriers, grass plots and other places intended for ornament and beauty located on streets and public ways, but the barrier should be of such a character and so located as that travelers in the exercise of reasonable care may have notice of their presence. But it is negligence to protect

such plots by a small wire stretched at such a place and in such a manner as to make it dangerous for pedestrians.

3. Knowledge of Obstruction.—The fact that a person injured by an obstruction in the street has knowledge of its existence will not defeat a recovery, although evidence of this knowledge is competent upon the question of contributory negligence.

JAMES CAMPBELL, JR. for appellant.

OLIVER & OLIVER for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellee in an action against the appellant to recover damages for personal injuries succeeded in securing a verdict and judgment for one thousand dollars. We are asked to reverse this judgment because it is excessive, and for error committed by the trial court in refusing to admit evidence offered in behalf of the city.

Briefly the facts are these: On the evening of August 30, 1910, between twilight and dark, appellee, a man about twenty-two years of age, in attempting to cross a narrow grass plot between the sidewalk and the curbing came in contact with a small wire, about a foot above the level of the grass plot, fastened to two stakes or posts and stretched along the edge of the sidewalk and the grass plot, and was thrown on the concrete sidewalk. As a result of the fall his arm was broken, some of his teeth broken, his lip cut, and he was otherwise bruised. At the time he fell, appellant was walking rapidly and did not notice the small dark colored wire. Indeed, it is doubtful if he could have discovered it if he had been carefully looking.

It appears that on July 19th, preceding, appellant had his arm broken while working for a tannery company, and that on August 30th, he had visited his physician, Dr. Troutman, who was treating his arm for this fracture. Dr. Troutman testifies that the arm was doing nicely and about well and that no bad results would have followed from it except for the subsequent injury. He also testified that the break in the same arm caused by the fall received on August 30th, was a very severe fracture, that appellee's arm was thereby permanently injured and the use thereof permanently impaired. It is also shown by appellee and other witnesses that his earning capacity has been much reduced and that he did not have and never would have full or satisfactory use of his arm. Under these circumstances, leaving out of notice the in-

juries to the appellee's teeth and the pain he suffered, we do not think the verdict excessive.

Nor have we any doubt that the city was negligent in protecting this grass plot by the kind of wire over which appellee fell, located at the place it was. Of course cities and towns have the right to save from injury and protect from travel by suitable barriers grass plots and other places intended for ornament and beauty located on streets and public ways; but the barriers should be of such a character and so located as that travelers in the exercise of ordinary care for their own safety may have notice of their presence. A small wire, suspended as this one was, is about as dangerous an obstruction as could well be placed at a point where pedestrians have the right to use the street; and appellee had the right to walk across this grass plot, as he was doing, when he stumbled over this wire. City of Covington v. Whitney, 99 S. W., 337; Glasgow v. Gillenwaters, 113 Ky., 140.

It is further complained that the court erred in rejecting evidence offered by the city that persons in the neighborhood knew of the existence of this wire, and that it had been stretched there some time before the accident to appellee. This evidence was properly refused. The knowledge of persons in the neighborhood of the existence of this wire did not relieve the city of the duty it owed to appellee to keep its streets and public places in a reasonably safe condition for public travel. It would have been competent to prove that appellee knew of the existence of this wire, but he testified that he did not, and there was no contradiction of his evidence upon this point. Indeed, had it been shown that he knew of its existence, this fact would not necessarily have defeated a recovery. City of Lancaster v. Walter, 25 Ky. Law Rep., 2189; City of Carlisle v. Secrest, 25 Ky. Law Rep., 336.

The judgment of the lower court is affirmed.