## Daniels v. Houston, Stanwood & Gamble Company.

(Decided December 10, 1914.)

Appeal from Kenton Circuit Court
(Criminal, Common Law and Equity Division).

1. Master and Servant—Injury to Servant—Assumed Risk—Unprotected Machinery.—Where plaintiff, an experienced workman, was injured by coming in contact with cog wheels of a machine on which he was working, and it appeared that the danger of coming in contact with the gearing was not only plainly observable, but was actually known to and appreciated by plaintiff, and there was no claim that the machine was defective, held, that the risk of injury from coming in contact with the gearing was one of the ordinary and usual risks incident to plaintiff's employment, and defendant was not liable merely because of its failure to guard or protect the machine.

2. Master and Servant—Safe Place to Work—Duty of Master.—A master is not an insurer of the safety of the place where he puts the servant to work, but is only bound to use ordinary care to furnish the servant a reasonably safe place to work; and in order to recover plaintiff must not only show that the place was

unsafe, but that the master knew, or by the exercise of ordinary care could have known, of its unsafe condition.

3.  Master and Servant—Negligence—Presumption.—Mere proof of the accident or injury does not raise the presumption of negligence on the part of the master; and while it is not necessary to show actual knowledge on the part of the master, it must be shown that the master by the exercise of ordinary care, could have known of the dangerous defect in time to repair it.

4.  Master and Servant—Safe Place to Work—Evidence.—Where plaintiff, while working on a drill press, stumbled over a wooden wedge lying on the ground and was injured by coming in contact with the gearing of the machine, and it was contended not that the place was permanently unsafe, but that it was rendered unsafe by the temporary presence of the wedge, and it did not appear how long the wedge had been there, or that the defendant knew, or by the exercise of ordinary care could have known, of the presence of the wedge on the floor, held that plaintiff failed to make out a case of negligence against the defendant, and that a peremptory instruction in favor of defendant was properly given.

F. J. HANLON for appellant.

S. D. ROUSE and WAITE & SCHINDEL for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

In this action for damages for personal injuries by plaintiff, Walter E. Daniels, against defendant, Houston, Stanwood & Gamble Company, the trial court, at the conclusion of the evidence, directed a verdict in favor of the defendant. Plaintiff appeals.

Defendant operates a drill press which is used to drill holes in boiler fronts. There are two cog wheels on the press, one a disc bevel gear and the other a mesh bevel gear. The press was set on a base about three feet from the ground. The gearing is about a foot and a half above the base. Plaintiff had been in defendant's employ for about a year and four or five months. During that time he worked on the drill press for ten or eleven months. About six months before the accident he claims that he stopped work on this machine because it was dangerous, and asked to be assigned to his old job of boiler-front fitter. In this capacity it was his duty to assist other men in carrying the fire fronts and placing them on the drill press. On the day of his injury plaintiff and seven or eight other men had carried a fire-front and put it on the press. Plaintiff got between the drill

press and the wall, and was standing on the frame of the drill press for the purpose of putting a block under the edge of the fire-front which was being drilled. Under the machine were wooden wedges which were used by the men for the purpose of supporting and balancing the fire-front in order that the holes might be properly drilled. The other men were also using these wedges for the purpose of supporting and leveling the fire-fronts. After plaintiff had completed his part of the work, he stepped to the ground. His foot struck one of the wooden wedges, which caused him to lose his balance. To save himself he threw out his hand, which came in contact with the cog wheels. Two of his fingers were cut off, and his hand was otherwise injured. In addition to the foregoing evidence, plaintiff proved by one witness who had worked at several places, that the gearing on the machine was dangerous unless covered or protected, and it was the custom where he had worked to cover or protect it.

Plaintiff's case is predicated on the failure of defendant to use ordinary care to furnish him a reasonably safe place to work. The principal negligence relied on was the unprotected condition of the gearing of the drill press, and the presence of the wooden wedge on the floor which caused him to stumble. In this state we have no statute requiring the master to cover or protect dangerous machinery. It is not contended that plaintiff was an infant or inexperienced, and therefore entitled to be warned of the danger. He was an experienced workman. He says that he had stopped regular work on the machine because he thought it dangerous. The danger of coming in contact with the gearing was not only plainly observable, but was actually known to and appreciated by the plaintiff. It is not claimed that the press was defective. That being true, it follows that the risk of injury from coming in contact with the gearing was one of the ordinary and usual risks incident to his employment; and it cannot be said that defendant is liable merely because of its failure to guard or protect the machine.

The next question is: Is the defendant liable for permitting the wedge to obstruct the floor? We have repeatedly held that the master is not an insurer of the safety of the place where he puts the servant to work. He is only bound to use ordinary care to furnish the servant a reasonably safe place to work. In order to recover,

therefore, plaintiff must show not only that the place was unsafe, but that the master knew, or by the exercise of ordinary care could have known, of its unsafe condition. Shemwell v. Owensboro, &c. R. Co., 117 Ky., 556. Mere proof of the accident or injury does not raise the presumption of negligence on the part of the master. While it is not necessary, of course, to show actual knowledge on the part of the master, it must be shown that the master, by the exercise of ordinary care, could have known of the dangerous defect of the place in time to repair it. Thompson on Negligence, Section 3782. In the case under consideration it is not contended that the permanent condition of the place where plaintiff was at work was unsafe. The place was rendered temporarily unsafe by the presence of the wedge. Wedges were being used by the men present for the purpose of supporting and balancing the fire fronts. There is neither direct testimony nor any circumstance tending to show how long the wedge had been on the ground. For aught that appears, it may have been dropped on the ground by the men engaged at work with plaintiff just a moment before the accident took place. In other words, there is not a single attendant circumstance from which it could be inferred that defendant knew, or by the exercise of ordinary care could have known, of the presence of the wedge on the floor. It follows that the motion for a peremptory was properly sustained.

Judgment affirmed.