## Bosler Hotel Company v. Speed.

(Decided January 18, 1916.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch Number One).

1. Damages—Action for Personal Injuries—Pleading.—In an action for injuries resulting from a defective apparatus maintained in a public street, it is not necessary to specify in the petition why or how the apparatus is defective.

2. Negligence—Evidence—Pleading.—Testimony tending to prove that protective apparatus erected in a public street is inadequate or improper for the purpose for which used, tenders an issue for the jury under a petition alleging in general terms that it is improper and inadequate.

3. Negligence—Peremptory Instruction.—Peremptory instruction is improper if the evidence furnishes room for honest difference of opinion among intelligent men, upon the issue, whether of negligence of defendant or contributory negligence of plaintiff.

FRED FORCHT for appellant.

EDWARDS, OGDEN & PEAK for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant on September 28, 1913, and for four years prior thereto, operated the Tyler Hotel on the North-east corner of Third & Jefferson streets in Louisville, and maintained an opening in the sidewalk on Third street, which it used at times as an elevator shaft connecting the basement with the pavement by means of which trunks, supplies, garbage, etc., were moved in or out of the hotel through the basement. This opening is four feet seven inches wide, five feet eight inches long and twelve feet deep. It is covered by iron doors which,

when in use, stand up in and above the pavement two feet and eleven inches, and are held open and upright by an iron rod at one end, and a piece of iron lattice at the other end connecting the doors.

On the 28th of September, 1913, about two o'clock in the morning, appellee in going from the Courier-Journal Building, where he worked, to Hardesty's restaurant, fell into this opening and was seriously hurt. He prosecuted this action and was awarded judgment against appellant for $2,000.00 for the injuries he thus sustained. Appellant is appealing from that judgment upon the sole ground that the court erred in refusing to direct the jury to find for it. Appellee's cause of action as alleged in his petition is as follows:

"Plaintiff states that heretofore on the night of the 28th of September, 1913, * * * the defendant, with gross negligence, suffered and permitted said shaft, hatchway or opening to be exposed, open, and improperly and insecurely protected, so that the plaintiff on the date aforesaid, in using said pavement, was caused to fall into or be thrown into the basement of said building through said opening or hatchway or shaft, thereby painfully and severely injuring him."

This is the only allegation of negligence in the petition, and it will be seen that appellee bases his cause of action on the claim that the permanent opening was improperly and insecurely protected, thereby causing him to fall into the basement, but not, as assumed by counsel for appellant, that the protection was in an insecure and improper condition. The proof shows that upon the night and at the time of the accident it was raining; that appellee was walking fast or running slowly north on and diagonally across Third street; that either just before or just as he reached the place where this shaft is located, he left the street and went upon the sidewalk when, and without having seen the obstruction, he struck one of these doors or the bar holding them apart, by which he was tripped and thrown down the shaft into the basement.

Considerable testimony was offered by both sides as to the condition of the light at that point. The doors were of iron and dark in color. According to the testimony of several witnesses, it was very dark that night; there was no light in or about the shaft except the light from the street lamps, and at least two witnesses stated

it was so dark at the place of the accident you could not see the doors at all. It is admitted these doors stood up in the sidewalk two feet and eleven inches, and were open at the time of the accident; that Third street at this place is in the business portion of a populous city, in the immediate vicinity of which are several restaurants that keep open all night.

It is argued for appellant that as appellee did not plead there were no lights maintained by appellant at this shaft, he was not entitled to recover. This contention is clearly untenable, for the presence or absence of light at the place of the accident, while one of the circumstances determining whether this apparatus was adequate or inadequate, and, therefore, a proper question of inquiry, was not the proximate cause of the accident; and to hold that appellee in this case must have specified in his petition wherein and for what reasons the alleged protective apparatus was deficient could be justified only upon the ground that a party seeking to recover for injuries resulting from a defective apparatus erected in a street, must allege not only that it is defective, but must specify as well why and how it was defective. This is not the rule.

Counsel for appellant insists that because there was no testimony offered by appellee that the protective arrangement around this shaft was in any other than perfect condition at and just prior to the accident, there was no evidence of actionable negligence, and that it was therefore entitled to a peremptory instruction. The statement that there was no such evidence is not entirely accurate because it was shown by appellee that these doors when open were not held firmly upright by their fastenings, but were permitted to sway backward and forward a distance of about a foot or more at the top, and the picture of the opening put in evidence by appellant shows that the doors stand at an angle rather than erect. But we do not think this material; for, in our judgment, even if it is admitted that the *condition* of this protective arrangement was perfect, the question of whether or not it was adequate was presented by appellee's petition, and he made his case under his petition, if his evidence would support the plea of the inadequacy of the barrier without regard to its condition. Counsel for appellant throughout his argument assumes that the protection was adequate, a position he certainly is not

warranted in assuming from the evidence in this case. That was the very question at issue. The proof offered by appellee at least was to the effect that it was inadequate. This apparatus as maintained did not prevent appellee from falling into the hole, and the testimony of his witnesses at least indicated the reason it did not was because, under the conditions of light, etc., at the place, the thing was a trap rather than a protection. Appellant's testimony indicated that under the conditions of light, etc., at the place as described by its witnesses, the thing was adequate as maintained, and the cause of the accident was appellee's negligence in running into it without looking. This certainly presented an issue for the jury.

Counsel for appellant cites Daniels v. Houston, &c., 161 Ky., 527, to show that it is not only necessary that there must be a defective condition in order to constitute actionable negligence, but that it is also necessary that it is known, or ought to have been known, by the exercise of ordinary care by the person charged with the duty of keeping it in proper condition. This is, of course, correct. Appellee alleged in his petition that it was known to appellant and the proof shows if the apparatus was defective appellant knew or ought to have known it.

We are unable to agree with counsel for appellant that the evidence in this case shows, as a matter of law, that the appellee was guilty of contributory negligence. It was a question for the jury, peculiarly in this case, in our judgment, to decide whether upon this occasion under all the conditions and circumstances then and there existing, especially as to the condition of the light, appellee was negligent in the exercise of his undoubted right to use, in connection with appellant and others, the sidewalk where this elevator shaft existed. All persons had a right to use this place when not being used by someone else, and appellant at most had a right paramount to appellee's right to use that particular place in the public sidewalk only when in its possession first, and then only for reasonable and temporary purposes and with proper safeguards. Appellant's use of this place in the sidewalk is conceded to be legal and proper when used temporarily under proper safeguards for taking things in and out of its basement, but its right is not conceded to use it, protected as it was, for the purpose for which it was being used at the time of this accident.

Unquestionably it was at that time being used as a permanent ventilating shaft for the basement and not as an elevator shaft for baggage, etc. When being so used, upon a business street of a city on a dark night, a grating that could not interfere with the public's rights on, and use of, the sidewalk might, in the judgment of the jury, be the proper protective arrangement, and this arrangement provided by appellant upon the proof might be and we presume was regarded as inadequate and improper. The proof in this case upon that question certainly presented an issue for the jury. DeHaven v. Danville Gas & Light Co., 150 Ky., 242; Paducah v. Simmons, 144 Ky., 640.

The case of Bell, Admx. v. C. & O., 161 Ky., 470, is not applicable. In that case the court said it was left to theorize as to the cause of death. Here the evidence shows exactly how the accident occurred with a sharply defined issue of fact as to whose negligence caused it. Nor, in our judgment, does the case of Post v. City of Clarkesburg, 81 S. E. Rep., 563, sustain appellant's position. The court there said:

"The fatal injury resulted, not from the ordinary use of the sidewalk or any defect in it, but from the thoughtless act of the boy in projecting his head under the machine, as in the case of one putting himself under or in the way of a vehicle in the street."

That is in no way a similar case to the one we are trying. In that same opinion the court said that the hotel company in that case had a right to maintain and use an elevator shaft such as appellant maintains for the purpose of moving baggage, etc., in and out of its hotel, and further says:

"Had the elevator been so constructed or operated as to injure any person in passing over it *when not in use,* or passing along the unoccupied portion of the sidewalk while it was in operation, or *had it been habitually left open in such* manner as to constitute a defect in the sidewalk, likely to injure a person making ordinary use of it, and the plaintiff's decedent had met his death in consequence thereof, a very different question would have been presented, calling for a different conclusion."

We think the proof here rather proves that appellee was making an ordinary use of the sidewalk at the time of this accident; certainly it was a question for the jury to decide whether or not he was so using it.

Neither is the case of the City of Knoxville v. Cain, 159 S. W., 1084, applicable to this case. The court there said:

"Where the evidence shows, without contradiction, as in the case now before us, that the plaintiff below was not only negligent, but that his negligence proximately contributed to the injury which he received, the case is one for peremptory instructions. There is nothing for the jury to determine. Tyrus v. Railroad, 114 Tenn., 579, 86 S. W., 1074."

The evidence here does not show "that appellee was not only negligent, but that his negligence proximately contributed to the injury."

We are not sure from the evidence whether upon this occasion appellee could have seen the obstruction or not. His testimony shows that he had never seen this shaft but once before, and that was upon an occasion when it was being used as an elevator shaft. This we do not think sufficient to have put him on his guard that this same elevator shaft would be used in the night time as a ventilating shaft, or as a permanent structure.

Appellant was not entitled to peremptory instruction on the evidence in this case.

"The rule upon this point seems to be that where there is no room for honest difference among intelligent men as to whether the conduct of the defendant was that of an ordinarily prudent man in view of all the facts and circumstances surrounding him, the question may be determined by the court as one of law. But where, although the facts are undisputed, the court is unable to say that there is no room for honest difference of opinion as to the conduct of an ordinarily prudent man under the circumstances that question is to be determined from inferences to be drawn from the facts already established. Those inferences must be drawn by the jury unless they are certain and uncontrovertible." T. B. Jones & Co. v. Pellee, 12 Bush, 480; Dolfinger & Co. v. Fishback, 128 S. W., 308.

The trial of this case seems to us to have been entirely free of error, by the court in its rulings upon the law, and the jury in its findings upon the facts, and the judgment is affirmed.