## Berry, et al. v. Irwin.

(Decided June 24, 1927.)

### Appeal from Hardin Circuit Court.

1. Master and Servant.—Employee of subcontractor, transporting rock for road project, was not servant of principal contractors in turning truck as they directed, injuring laborer, since principal contractors had right to say where truck should turn and where rock should be dropped.

2. Highways.—In personal injury action by laborer of principal contractor, struck by truck of subcontractor transporting rock for road construction, evidence as to negligence of truck driver, who knew of plaintiff's peril before backing against him, held sufficient to take case to jury.

3. Highways.—In personal injury action by laborer for principal contractor on road against subcontractor when driver backed its truck against him, evidence as to plaintiff's contributory negligence in not keeping lookout for truck held for jury.

4. Negligence.—Exercise of ordinary care is question of fact, to be decided by jury, where court is unable to say that there is no room for honest difference of opinion as to conduct of ordinarily prudent man under circumstances.

5. Appeal and Error.—Where instruction given by court, followed closely language of instruction asked by defendant, defendant cannot complain that court did not give more concrete instruction.

6. Highways.—In personal injury action by road laborer of principal contractor against subcontractor when its driver backed truck transporting road materials against him, instruction on contributory negligence that it was plaintiff's duty to use ordinary care and that he could not recover if injury would not have happened except for failure to exercise ordinary care, held sufficient.

7. Master and Servant.—Owners of truck, who were subcontractors transporting road supplies, held equally responsible with driver for negligently running truck onto road laborer of principal contractor, since driver was their agent.
   in grantee.

8. Appeal and Error.—In personal injury action by road laborer against owners and driver of truck, refusal of instruction that finding. for plaintiff could be against defendants, jointly or in different amounts, or against one and for others, held not prejudicial to defendants, where, if liable at all, they were liable in equal amounts.

9. Appeal and Error.—Jurisdiction of Court of Appeals is only appellate, and it is without jurisdiction till circuit court passes on matter.

H. L. JAMES and CHARLES W. MORRIS for appellants.

L. A. FAUREST for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

Billiter & Wiley were the contractors for the building of the state road from Elizabethtown to Bardstown. They had in their employ Silas S. Irwin as a laborer. They were crushing the rock about 5 miles east of Elizabethtown, and were building the road eastward toward the crusher. They made a contract with Berry & Kelly, by which Berry & Kelly agreed to haul the crushed rock from the crusher to the point on the road where it was to be put down, at so much a ton. Berry & Kelly owned the trucks and employed the drivers; one of these was Tim Givans. It was the custom of the business for the trucks, when they reached near the place for dumping the rock, to turn around and back in so that they could go out without disturbing the finished part of the road. Irwin had some days before shown Givans the place where he was to turn around, and it was a part of his business to do this. On Monday morning, when Givans came westward with his first load, Irwin and another man were at the side of the road just about 30 feet east of where the stone was to be dropped, cleaning out the shoulders of the road. The width of the metal was 14 feet. About this time a roller belonging to Billiter & Wiley came in and stopped opposite Irwin, who was working on the side of the road. The roller took up seven feet of the road. When Givans reached the turning point he turned around and backed in. The truck was heavily loaded with rock, and he could not see behind him because the rock obstructed his view. It was down hill from where he turned to the point where the rock was to be dropped. The truck coasted down, making very little noise. Irwin was shoveling dirt out, and before he knew it the truck

struck him, crushing his leg in several places, and inflicting a painful injury on his right arm. Givans saw the men working when he turned around, and he says that he then blew the whistle; but Irwin heard no whistle, and his testimony that none was blown was confirmed by several other witnesses. Two other men behind Irwin, seeing his danger, hallooed; but he did not get the warning in time to save himself. He brought this suit to recover for his injury against Berry & Kelly and Tim Givans. The jury returned a verdict in his favor for $5,000. The defendants appeal.

It is earnestly insisted that a peremptory instruction should have been given in favor of the defendants. It is said that Givans, in backing down, as he did, was obeying orders of Billiter & Wiley, and that in so doing he was their servant and not the servant of Berry & Kelly. But it was a part of Berry & Kelly's duty under the contract to haul the stone and drop it where it was to be used. Billiter & Wiley had a right to tell them where to drop it and also to give directions as to where the trucks should turn around; for they had to provide these turning places. Givans, in running the truck of Berry & Kelly, delivering the stone pursuant to the contract, was their servant at all times. There was sufficient evidence of negligence on the part of Givans to take the case to the jury. He saw the men at work when he turned around; he saw the roller; he was bound to know that, as the road was only 14 feet wide and the roller took up 7 feet, his truck would take up the other 7 feet. He should have known that when he ran around the roller the men at work on the side of the road would be in danger. He could not see them after he turned. If the evidence of the plaintiffs was true, he turned around and coasted down upon the men without any warning of his approach. As he could not see after he turned, and as the trucks came at irregular intervals, it was incumbent on him to give adequate notice before he backed down on the men in this way, and whether the notice he gave was adequate was a question for the jury.

The rule applied between trainmen and section hands working on the track does not apply here. The section hands work anywhere along the section. The trainmen have no reason to know where they will be. They work under the direction of the section boss. It is his duty to keep advised as to the coming of trains. Here the men putting the rock on the road necessarily worked where

the rock was dumped. Givans had reason to expect their presence and in fact saw them there when he turned around. Even trainmen must keep a lookout and give warning when they know or have reason to expect persons to be on the track at that place. C. & O. R. Co. v. Berry, 164 Ky. 280, 175 S. W. 340.

It is also insisted that Irwin was guilty of contributory negligence in not keeping a lookout for the truck. But ordinarily the truck ran in the center of the road and not on the side where Irwin was working. It ran on the side at this time because of the roller which had just come in. Irwin was at work as he was expected to be, and, whether he exercised ordinary care under the circumstances was a question for the jury. It is well settled that the exercise of ordinary care is a question of fact to be decided by the jury, where the court is unable to say that there is no room for honest difference of opinion as to the conduct of an ordinarily prudent man under the circumstances. Bosler Hotel Co. v. Speed, 167 Ky. 800, 181 S. W. 645. The truck coasted down on him noiselessly. A man could not work as Irwin was working and keep a constant lookout for the trucks, and it was a question for the jury whether he used ordinary care.

"Like that of the employer, the degree of care required to be exercised by the employee depends upon the surrounding circumstances; each being held to the exercise of ordinary or reasonable care, meaning the care that prudent persons exercise under the same conditions and surroundings." 18 R. C. L., p. 637.

It is earnestly insisted that the instructions of the court to the jury are too general and that the first instruction should have been more concrete. But instruction No. 1, given by the court, followed closely the language of instruction B1, asked by the defendant, and, as the defendants asked the instruction in these terms, they cannot complain here that the court did not give a more concrete instruction.

The instruction on contributory negligence was in the usual form, and went as far as the court should have gone when he told the jury, in substance, that it was the duty of Irwin to use ordinary care for his own safety, and, if he failed to use such care, and but for this would not have been injured, he could not recover. In shoveling dirt out of the road, Irwin had to keep his eyes on his

work. He could not be constantly on the lookout for the trucks. But it was his duty to use ordinary care in this respect, especially when he had reason to apprehend the approach of a truck. The road was fenced off. There was no travel upon it, and the degree of care which Irwin should exercise to learn of the approach of trucks would depend upon a number of circumstances, such as the frequency of their coming, what part of the road they usually ran on, the notice usually given of their approach, etc. Under such circumstances the question of ordinary care on his part was properly left to the jury in the usual general form. For whether such care was exercised would depend upon all the facts.

"The reasonable or ordinary care required of the servant is such care as would be used by persons of ordinary prudence under like circumstances. And, in determining whether the servant has exercised reasonable or ordinary care in any given case, all the attendant circumstances must be taken into consideration, such as the physical surroundings or environment in which the servant is placed, the age, capacity, and experience of the servant, the demands of his duty, the orders of his superior, the facts which were known or which should have been known to the servant, and the obviousness of the risk or danger. The degree of care which must be taken must be adjusted to the character of the work, and must be commensurate with the hazards and dangers of the service in which the servant is engaged." 39 C. J. 826.

The defendants moved the court to give this instruction, which the court refused to give:

"The court further instructs the jury that, if you find for the plaintiff, you may find a verdict against all the defendants jointly, or you may find against all of the defendants in different amounts, or you may find for the plaintiff against one of the defendants and for the other defendant or defendants against the plaintiff. If you find for the defendants, you shall say so by your verdict and no more."

Givans being an agent of Berry & Kelly, they are equally responsible with him if he negligently ran the truck down on Irwin. If Givans was liable, Berry & Kelly were liable for the same amount. Only compensa-

tory damages were sought. This was not a case where the refusal of the instruction was prejudicial to the defendants. The jury could not properly return a verdict against the defendants in different amounts.

No complaint is made of the amount of the verdict, which is in fact reasonable in view of the facts. The motion of the defendants as to the amount received by Irwin from the insurance company insuring Billiter & Wiley under the Workmen's Compensation Act has not been passed on by the circuit court, and that matter is not before this court on the appeal. The jurisdiction of this court is only appellate. Until the circuit court passes on this matter, this court is without jurisdiction.

Judgment affirmed.