## COOPER v. RISLEY.

Court of Appeals of Kentucky.

Dec. 19, 1952.

John B. Anderson and E. B. Anderson, Owensboro, Harry G. Black, Hawesville, for appellant.

H. Randolph Kramer, Owensboro, for appellee.

COMBS, Justice.

Albert G. Cooper was accidentally killed in the course of his employment at a coal stripping operation. In a suit for damages by the administratrix of his estate the jury returned a verdict for the defendant. The only question presented on the appeal is whether the court erred in giving an instruction on assumed risk.

The mine was owned and operated by Cooper's employer, L. R. Chapman. The coal was hauled from the mine by truck by the defendant Risley, an independent contractor. Cooper was killed by a truck driven by an employee of Risley.

The vein of coal being recovered ran east and west. The top soil, or overburden, as it is called in strip mining parlance, was removed by a power shovel from a strip some 40 feet wide. This left a trench or pit, the bottom of the pit being level with the top of the seam of coal, referred to as the "rib." The north or upper wall of the pit was called the "high wall." The coal was loaded into trucks by a loading shovel, also power driven. To provide a working place for the loading shovel the earth adjacent to the south side of the coal was excavated and thrown on to a "spoil bank." It was the practice for the empty trucks to back into the pit on top of the rib. As a truck backed in, the left side of the vehicle would be close to the high wall and the right side near the south edge of the rib. Below the truck, just off the rib, was the loading shovel.

Cooper was employed as a coal cleaner. It was his duty to keep the top of the rib where the shovel was working free of dirt in order that only clean coal would be loaded into the trucks. Since his working place was near the loading shovel he was to the rear of the trucks as they backed in to be loaded. The noise of the diesel-powered loading shovel drowned out the noise of the approaching trucks. On the morning of the fatal accident, which was the first day Cooper had worked at this job, the defendant's son was driving truck No. 7. He turned his truck at the pit entrance and proceeded to back it across

the rib into position for loading. Cooper was on the right or "blind" side of the truck and the driver did not see him. He apparently had his back toward the truck and did not see or hear it. In any event, the rear of the truck knocked him down and the right dual wheels passed over his body lengthwise, killing him instantly.

█ It is readily apparent that due to the proximity of Cooper's working place to the loading shovel and the moving trucks there was some hazard connected with his employment. It appears that it was customary to warn all employees of the dangers incident to the work, and that Cooper himself had notice of the danger. Under the facts shown we are of the opinion the court was justified in giving an instruction on assumed risk. The form of the instruction is not criticized, appellant's argument being that the instruction should not have been given in any form. Much reliance is placed on Berry v. Irwin, 220 Ky. 708, 295 S.W. 1020. It is true that the facts in the Berry case are very similar to the facts in this case as regards the manner in which the accident occurred and no instruction on assumed risk was given. But there is a clear distinction between the two cases. In the Berry case the plaintiff was not working in an enclosed area in close proximity to moving machinery. Furthermore, an examination of the record in that case shows that no instruction on assumed risk was requested and that question was not discussed in the opinion. The other cases cited by appellant are also distinguishable on their facts.

█ Although no relationship of master and servant existed between Cooper and the defendant Risley, it has been held in a number of cases that the doctrine of assumed risk is not based on contract alone, and there may be an assumption of a known risk independently of the relation of master and servant. Hotel Operating Co. v. Saunders' Adm'r, 283 Ky. 345, 141 S.W.2d 260, and cases cited in that opinion.

The judgment is affirmed.