## Berry, et al. v. Irwin, et al.

(Decided May 18, 1928.)

### Appeal from Hardin Circuit Court.

1. Limitation of Actions.—Where third party against whom injured employee recovered judgment did not plead statute of limitations to intervening petition of insurance carrier paying workmen's compensation to employee, and asking that judgment be entered for it in sum paid employee, statute of limitation was unavailable to such third party.

2. Master and Servant.—Where suit against negligent third party was brought by injured employee for his own benefit and also for benefit of employer's insurance carrier and at latter's instance and request and was prosecuted by them both jointly, Ky. Stats., sec. 4890, was substantially complied with.

3. Judgment.—Where injured employee brings suit against negligent third party for benefit of himself and his employer's insurance carrier, under Ky. Stats., sec. 4890, suit is that of both insurance carrier and employee, and, while insurance carrier is not nominal party to suit, it is real party and is bound by verdict and judgment.

4. Limitation of Actions.—Where suit by injured employee against negligent third party for benefit of himself and employer's insurance carrier was not barred by statute, insurance carrier's intervening petition, under Ky. Stats., sec. 4890, against third party, after employee recovered judgment against third party, for amount of compensation previously paid employee, was not barred by statute, since insurance carrier was real party in employee's suit.

5. Master and Servant.—Where injured employee recovered judgment against negligent third party, employer's insurance carrier, having paid workmen's compensation on account of accident for which employee recovered judgment, under voluntary agreement was entitled, under Ky. Stats., sec. 4890, to recover such amount from third party out of verdict against him, since expression, "If compensation is awarded under this act," means either a formal award or a voluntary agreement that needs only to be enforced as an award, under section 4931.

H. L. JAMES and CHAS. W. MORRIS for appellants.

P. H. SAVAGE and L. A. FAUREST for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellee Irwin brought suit against the appellants to recover for personal injuries he had sustained on account of the alleged negligence of the appellants. He recovered a judgment for $5,000, which was affirmed by this court in 220 Ky. 708, 295 S. W. 1020. A reference is here made to that case for a full statement of the facts out of which that suit arose. On the day the verdict was rendered in the trial court the appellants filed a motion supported by affidavits, in which they asked that the verdict be credited by the sum of $1,405.95 which they claimed Irwin had received from his employers by way of workmen's compensation. On the same day the appellee London Guaranty & Accident Company filed an intervening petition in which, as later amended, it averred that it was the insurance carrier of the employers of Irwin; that it, as such, had become liable to Irwin and had paid Irwin the sum of $1,465 for workmen's compensation on account of the accident for which he had recovered the $5,000 verdict mentioned; that at their instance and request and for it as well as himself Irwin had brought the suit in question; and that it had aided and assisted Irwin in the prosecution of the suit as appellants well knew during all the time that suit was pending. It asked that of the verdict of $5,000, judgment be entered for it in the sum of $1,465, Irwin being entitled to the balance. The court reserved the disposition of the questions presented by the motion of the appellants and the intervening petition of the insurance company until after the Irwin judgment had been disposed of in this court.

After the mandate of this court had been filed in the lower court, it overruled the motion of the appellants and gave judgment for the appellee London Guaranty & Accident Company in accordance with the prayer of its intervening petition, from which judgment this appeal is prosecuted.

It is conceded that, where the injured employee has been hurt through the negligence of a third party, he may proceed for compensation against his employer or may sue the negligent third party for damages, or may proceed both against his employer for compensation and the negligent third party, but he cannot recover from both. Ky. Statutes, sec. 4890. If the employer, having paid compensation, makes no claim against the negligent

third party, the latter is entitled to be credited on the judgment rendered against him in favor of an injured employee by such compensation as may have been paid such employee by the employer. Williams v. Brown, 205 Ky. 74, 265 S. W. 480. On the other hand, the employer and his insurance carrier may claim reimbursement from the negligent third party for such compensation as he or it may have paid to the injured employee. Section 4890 of the Kentucky Statutes, a part of the Compensation Act, among other things provides:

" . . . If compensation is awarded under this act" either "the employer" or his insurance carrier, "having paid the compensation or having become liable therefor, shall have the right to recover in his" or its "own name or that of the injured employee from the other person in whom legal liability for damages exists not to exceed the indemnity paid and payable to the injured employee."

While conceding these general principles, appellants insist as grounds for reversal of the judgment in this case, first, that inasmuch as the insurance company's intervening petition failed to aver that any compensation had been *awarded* under this act, neither it nor Irwin's employers could recover what they may have paid Irwin, even though by way of workmen's compensation; and, secondly, that as more than a year had elapsed between the happening of the accident and the filing of the intervening petition, the cause of action of the insurance company, if any, was barred by limitations.

The latter contention may be quickly disposed of. In the first place, the appellants filed no answer to the intervening petition and did not plead limitations. Hence the plea is unavailable to them now. That limitations must be pleaded is a proposition too well settled to need citations in its support. Secondly, the allegation of the intervening petition, to the effect that the suit was brought by Irwin for himself and the insurance company at the latter's instance and request, and that the latter aided and assisted the prosecution of the suit as appellants then well knew, stands undenied. The statute expressly authorizes the employer or the insurance carrier to sue the negligent third party in the name of the injured employee if he or it so desires. In Henderson, etc., Co. v. Owensboro, etc., Co., 192 Ky. 322, 233 S. W. 743, we not only approved the practice, but, indeed, said it

was the better practice for the employer and employee to join in a suit against the negligent third party, the reason being that by such procedure it took only one suit to determine the questions of negligence vel non. and the amount of damages, if any—all parties being bound by the judgment on these matters. In that case, however, we pointed out that the compensation feature should play no part in the trial of the case until after the employee had recovered the verdict against the negligent third party and until the court came to enter the judgment on the verdict when he should apportion it between the employer and employee as their rights might appear. Where, as here, the suit was brought by the employee not only for his own benefit, but that of his employer or the insurance carrier also and at the latter's instance and request, and was prosecuted by them both jointly for those purposes, as the negligent third party well knew, the statute, under such circumstances at least, is substantially complied with. In such a state of case, the suit is that of both the insurance carrier and employee, and, while the insurance carrier is not a nominal party to the suit, it is a real party and will be bound by the verdict and judgment as much as it would have been had it been a nominal party. Amburgey v. Adams, 196 Ky. 646, 245. S. W. 514. Thus both the letter and spirit of the act are accomplished. Therefore, as it is not contended that the original suit was not filed within the limitation period, which the appellants claim is applicable, it is apparent that their contention that the insurance company was tolled by limitations cannot be maintained.

As to the other ground of the appellants for reversal, they are on the horns of a dilemma. The evident purpose of section 4890 of our Statutes was not to shield a negligent third party, but to hold him responsible in full for the damages his negligence had occasioned. On the other hand, it was not the purpose of the statute either to allow the injured employee to recoup himself beyond the actual damages he had sustained. Therefore, if he receives any workmen's compensation from his employer, the negligent third party is entitled to be credited on his liability to the employee with such compensation, but, in turn, he is liable to the employer for such credit. Thus justice is accomplished. But the negligent third party cannot claim as a credit on his liability to the injured employee anything beyond that for which he will be liable to the employer or his insurance carrier if they

seek to recover the same. Hence if the insurance company in this case is not entitled to have the judgment apportioned as it was, neither are the appellants entitled to the credit they seek. The appellee, Irwin is not complaining of the apportionment, and it is immaterial to the appellants to whom the judgment is paid so long as they go acquit.

Further, we do not believe that section 4890 of the Statutes should receive so narrow an interpretation as appellants seek to put upon it. Section 4931 of the Statutes contemplates the employer and the employee reaching an agreement with regard to compensation. This section provides that if such an agreement be filed with the Compensation Board it may be enforced as any award of the board. Thus we see that compensation may be paid because of a formal award of the board, or by reason of voluntary agreements which never become awards, although, if filed with the board and approved by it, they may be enforced as any award is enforced. The Legislature evidently contemplated that most compensation would be paid by voluntary agreements between the parties. Otherwise the board would be overwhelmed with hearings. It never intended that the right of an employer or his insurance carrier which had become liable to pay compensation to an injured employee and had paid the same to recover such payments from the negligent third party should turn on whether a formal award had been made by the board or not. It meant that the right of the employer or his insurance carrier for such recoupment should turn on their liability to pay compensation and the payment thereof. The expression, then, "If compensation is awarded under this act," means either a formal award or a voluntary agreement that needs only to be filed to be enforced as an award. To give it this meaning accomplishes the intent of the Legislature as we have seen it to be. The allegations of the intervening petition bring the insurance company within the statute as thus construed and authorized the judgment entered in its behalf.

No error then appearing, the judgment of the lower court is affirmed.