No. 373

First Circuit

HUDSON ET AL. v. UNION INDEMNITY COMPANY

(December 4, 1928. Opinion and Decree.)

T. Arthur Edwards, of Lake Charles, attorney for plaintiffs, appellants.

J. C. Henriques, of New Orleans, and Frank T. Doyle, of New Orleans, attorneys for defendant, appellee.

MOUTON, J. Mrs. James A. Hudson recovered judgment in 1927 against the Louisiana Electric Company, individually, and for her minors, for negligence resulting in the death of her husband, James A. Hudson. Her judgment was for fifteen thousand dollars ($15,000.00), which was subsequently affirmed by this Court.

When he was killed, James A. Hudson was in the service of the city of Jennings, which carried liability insurance for Hudson, as one of its employees, in the Union Indemnity Company, defendant herein. At the time this judgment was rendered the defendant insurance company had paid compensation to Mrs. Hudson and her minor children in the sum of one thousand four hundred and fifty dollars ($1450.00), and in the same judgment it was decreed that the defendant company which had intervened in the case have judgment against the Louisiana Electric Company for said amount, and which was paid to defendant.

During the interval between the date of the appeal, and the affirmance of the judgment by this Court, the sum of nine hundred and eighteen 88/100 dollars ($918.88), as further compensation, was deposited in the registry of the Court by defendant to be paid Mrs. Hudson and her minors, or returned to the defendant company, as the Court might determine.

Plaintiffs allege that the total liability of defendant under its insurance contract to them, dependents of James A. Hudson, amounts to six thousand seven hundred and fifty dollars ($6,750.00), upon which it owes a balance of five thousand two hundred ninety-nine 50/100 dollars ($5,-299.50), and prays for a decree for nine hundred eighteen 88/100 dollars ($918.88), the sum deposited with the Court as aforesaid, and that this sum be credited on the five thousand two hundred ninety-nine 50/100 dollars ($5,299.50).

Plaintiffs further allege, in the alternative, that they expended forty per cent (40%) of the amount sued for in attorney's fees, and one hundred six 25/100 dollars ($106.25) for briefs in the cause, and from which after deducting the sum of one thousand four hundred and fifty dollars ($1450.00), turned over to the defendant company under its claim in intervention, less the nine hundred eighteen 88/100 dollars ($918.88), deposited in escrow, leaves a balance of five thousand four hundred sixty-four 65/100 dollars ($5,464.65), for which defendant is liable in the proportion of one-half, that is, for the sum of two thousand seven hundred thirty-two 32/100 dollars ($2,732.32).

In a second plea and in the alternative, plaintiffs ask in the event the Court should find that the foregoing sum claimed is not equitable and commensurate with the results obtained, that it decrees such sum as it may consider a fair compensation for the benefits derived by defendant from the acts and deeds of petitioners.

The foregoing is an abbreviated statement of facts contained in the petition and embodies the essential averments upon which plaintiffs base their claim for relief, under the prayer of the demand which is in accordance with the facts alleged.

In their petition plaintiffs allege specifically that they sued the Louisiana Electric Company, a third person, in an independent action at law under the provisions of "paragraph one of said section

7 of Act 247 of 1920, and aver that the remaining portion of said section does not apply to this cause for the reason" that the defendant company and the city of Jennings refused to bring suit against the Louisiana Electric Company, against which, it may be proper to state, plaintiffs had obtained judgment as beneficiaries, for the death of James A. Hudson.

Paragraph one of said section of the Act upon which plaintiffs base their demand in the petition, provides that when an injury is suffered by an employee for which compensation is payable under that Act and is sustained under circumstances creating a liability incurred by a third person, the injured person may claim compensation under the Act, and if payment or an award of compensation is made thereunder, such award shall not affect the claim or right of action of such employee or his dependent against the third person, nor be regarded as establishing a measure of damages for the injury.

In the instant case plaintiffs received one thousand four hundred fifty dollars ($1450.00) from defendant company which was in reality an award or compensation for the benefit of the city of Jennings which was the employer of James A. Hudson at the time he was killed. This award in compensation, under paragraph one of the Act, could not have been taken as a measure of damages for his death, and plaintiffs would have been left free thereunder to proceed for the recovery of damages against the Louisiana Electric Company for the loss they had suffered. It is not astonishing that plaintiffs should desire to have their claim controlled exclusively by that paragraph of that section, and to hold as inapplicable the two following paragraphs.

In paragraph two of that section, it is provided, that where the employer has paid or obligated himself to pay compensation under the provisions of the Act, he is given the right to bring an action against the third person inflicting the injury, for the amount he has so paid, or become obligated. In that paragraph, the right to sue the third party is also reserved to the injured employee, and, if suit is brought by either employer or employee, notice thereof must be given to the other in writing.

It therefore appears from the wording of the second paragraph that if suit be instituted by either employer or employee, their interest, if not declared identical, are considered closely linked under the provisions of that part of the statute.

In the third paragraph, it is declared that if suit is brought by the employer, employee or his dependent, and damages are recovered, the claim of the employer for compensation actually paid, shall take precedence over that of the employee or dependent.

It is therefore further provided that if the amount of damage recovered be insufficient to reimburse the employer for the compensation he has paid, with reasonable attorney's fees, and his costs, such damages shall be assessed "solely in his favor;" but if the damages are in excess of the amount necessary to reimburse the employer, the remainder must be assessed to the employee or dependent, and upon payment thereof to the employee or dependent the liability of the employer for compensation shall cease, etc. There is no legal reason that we can conceive why the provisions of paragraphs two and three of section 7 of the Act should be held as inapplicable to the issues of the case.

Counsel for plaintiffs says that these paragraphs of the statute should be declared inoperative because the city of Jennings and defendant company refused to institute proceedings which he was com-

pelled to do to save the claim of his clients from prescription. There is nothing in the statute or in any law of which we are aware that would authorize this Court to eliminate the part of the section hereinabove referred to on the theory advanced by counsel. The fact is, however, that defendant, as intervenor, appeared in the original contest with the consent of counsel for plaintiffs, and obtained a decree in the original judgment, against the Louisiana Electric Company for the sum of one thousand four hundred and fifty dollars ($1450.00), for the compensation the defendant company had paid Mrs. Hudson and her minor children.

It is true that the defendant company did not institute a separate action, but it became indirectly by way of intervention a party to the proceedings instituted by plaintiffs for the protection of its rights under the statute, but which was, however, an optional right that the defendant company might or might not have exercised.

Counsel for plaintiffs contends, it is intended by the statute, that if the compensation has been paid where there has been a refusal to sue as aforesaid, the compensation must be considered in the nature of a pension, and independently of the amount the dependent may recover against the third person. It is impossible for us to reconcile ourselves to such a construction of the statute, there being nothing in its provisions to authorize the interpretation contended for by counsel for plaintiffs, nor in Bouchon vs. N. O. Ry. & Light Co. 154 La. 399, 997 So. 587, cited by counsel in support of his petition on this subject.

The city of Jennings was the employer of James A. Hudson at the time he was killed. When judgment was rendered for fifteen thousand dollars ($15,000.00), originally, against the Louisiana Electric Company in favor of his surviving wife and minors, if this sum of one thousand four hundred and fifty dollars ($1450.00) had been paid by the city on compensation, and not by defendant, as it was under section two of said Act, the claim of the city for that amount would have taken precedence over that of the plaintiffs herein, as the widow and dependents of deceased.

As the city carried liability insurance for Hudson, one of its employees, with the defendant company, the one thousand four hundred and fifty dollars ($1450.00), were paid by it to plaintiffs herein in the way of compensation for benefit of the city of Jennings and was therefore justly received by defendant under the judgment rendered in its favor as intervenor.

An appeal having been taken in the case by the Louisiana Electric Company, the defendant paid to plaintiffs, under its contract of insurance, the sum of nine hundred eighteen 88/100 dollars ($918.88), during the period intervening between the appeal and the final determination of the suit. This amount forms a component part of the total insurance money paid to plaintiffs by defendant under the policy, and is inseparable from the one thousand four hundred and fifty dollars ($1450.00) paid, as before stated.

The District Judge correctly held that this amount which was deposited, as accrued compensation, be returned to defendant.

In their first alternative plea plaintiffs ask attorney's fees in the sum of two thousand seven hundred thirty-two 32/100 dollars ($2,732.32), including expenditures and costs incurred in their suit against the Louisiana Electric Company, and in the second plea, in the alternative, for a lesser amount, should the Court be disposed to allow any under the circumstances of the case.

Attorney for plaintiffs was employed by Mrs. Hudson. The defendant had nothing to do with his employment and certainly cannot be held bound for any portion of attorney's fees impliedly or by contract. The claim for the attorney's fees, we understand, is not based on any asserted contractual right, but on considerations of equity. It is only where there is no express law that judges must proceed according to equity. C. C. 21. Here, the rights of the parties litigant are regulated by statute, according to which they were properly adjusted by the trial judge. Plaintiffs are not entitled to any relief under the principles of equity, if such exist to support their demands which were properly rejected, with the reservation decreed in favor of defendant company for nine hundred eighteen 88/100 dollars ($918.88) deposited with the Court.