## Herald-Post Company v. Spinner.

(Decided April 24, 1931.)

TRABUE, DOOLAN, HELM & HELM for appellant.

MORRIS GIFFORD, GIFFORD & STEINFELD, ALPHA HUBBARD and HUBBARD & HUBBARD for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

The Herald-Post Company has appealed from a judgment for $2,456 recovered against it by John Spinner for injuries sustained by him in an automobile collision.

About 10:30 in the morning of April 9, 1929, a gentle rain was falling. John Spinner was then driving east, on Duncan street, Louisville, Ky., an International 1½-

ton truck belonging to the Purity Baking Company, and Milo Munzer was then driving north, on Nineteenth street, a Chevrolet coach belonging to himself. This coach was loaded with copies of the Louisville Herald-Post which Munzer was taking to New Albany, Ind., whereat he had the agency for the distribution to other agents and for the sale of them. Duncan street and Nineteenth street cross each other at right angles, and Spinner and Munzer undertook to use this crossing at the same time; the result was a collision in which Spinner had five ribs broken, one of them in two places, and sustained injury to his shoulder, hip, knee, back, etc. There was no showing this collision was not the result of Munzer's negligence. The Herald-Post asks for reversal because, so it alleged, Milo Munzer was not acting in the scope and course of his employment at the time of this accident. Munzer's deposition was taken but was not read. There was evidence that he was so acting, and that question was submitted to the jury under an instruction substantially the same as one offered by the Herald-Post, and, as the jury's verdict is supported by the evidence, it will have to stand.

The next ground urged for reversal is that the verdict is excessive and appears to have been made under the influence of passion or prejudice, but, as Spinner was unable to work for over a year and sustained the injuries we have set out, we find no merit in this contention.

The next ground relied on is that the court erred in excluding evidence that Spinner had received compensation from the Purity Baking Company, and had claimed in the prosecution of that claim against it that he was disabled for only fifteen weeks.

Spinner testified out of the presence of the jury that his employer had paid him compensation for fourteen weeks. There was no evidence he had claimed compensation from his employer at all, and, so far as this record discloses, the compensation paid him may have been voluntarily paid. Section 4890 of the Ky. Stats., provides that, in such a case as this, the injured employee may make claim against his employer or against the third person by whom he is injured, or may proceed against both. If Spinner had made a claim for compensation against his employer, the best evidence of it would have been a copy of that claim or of any final receipt he may have given his employer, which receipts are usually attached to the report the employer is required to make

under section 4944, Ky. Stats. There was not in the offered evidence anything to indicate that Spinner, in this compensation matter, had ever claimed or said he had recovered at the end of fifteen weeks or at all, and the court did not err in excluding this evidence.

The judgment is affirmed.