## Spinner et al. v. Fidelity & Casualty Co. of New York et al.

(Decided October 25, 1932.)

**520**

MORRIS B. GIFFORD, ALPHA HUBBARD, and EMILE STEIN-FELD for appellants.

L. R. CURTIS, JERRY A. HOGAN, and W. E. QUICK for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

John Spinner and his employer, Purity Bakeries Company, had accepted the provisions of the Workmen's Compensation Act (Ky. Stats., sec. 4880 et seq.), and the Fidelity & Casualty Company of New York was the insurance carrier. While engaged in driving a truck for his employer, he collided with an automobile belonging to the Herald Post Company, and was se-

verely injured. While receiving compensation, he employed Hubbard, Gifford & Steinfeld, attorneys, to file suit for damages against the Herald Post Company under a contract by which he was to pay them a fee equal to 50 per cent. of the recovery. During the progress of the action, the insurance carrier filed an intervening petition in the name of the employer setting up a claim of $385.15 for compensation, hospital, and medical bills paid to Spinner, and asked that that sum be credited on any judgment obtained. Subsequently an amended intervening petition was filed asserting an additional claim for compensation of $240, making a total of $625.15, which it asked to be credited on any judgment obtained. Though apprised of the pendency of the action against the Herald Post Company, the attorneys for the Purity Bakeries Company and the insurance carrier took no part in its prosecution. The trial resulted in a judgment in favor of Spinner for $2,456, which was affirmed on appeal. Herald Post Company v. Spinner, 238 Ky. 436, 38 S. W. (2d) 245. Thereafter the Herald Post Company paid Spinner's attorneys the amount of the recovery, less $625.15. In view of the claim of Spinner's attorneys, that they were entitled to one-half that amount for their services, the Herald Post paid the $625.15 into court. When that was done the attorneys asked leave to withdraw one-half the amount, or $312.57. From an order overruling their motion, and directing that the $625.15 be paid to the intervening petitioner, and credited on the judgment, Spinner and his attorneys have moved for an appeal.

In view of the novelty of the question, it has been deemed best to prepare a written opinion.

It is first insisted that Spinner's attorneys are entitled to a fee on the ground of implied contract. In support of this position it is ably argued that Spinner's employer and its insurance carrier knew of the pendency of the suit, and of the employment of attorneys by Spinner, and that the customary fee for such services was an amount equal to 50 per cent. of the recovery; that they took no part in the action, other than to file their own claims; that they rendered no aid whatever to Spinner in the prosecution of the suit, but stood by and permitted Spinner's attorneys to do all the necessary work in obtaining a verdict; and that by so doing they accepted the services of Spinner's attorneys, and

should therefore compensate them **for the** benefit received.

Section 4890, Kentucky Statutes, provides:

"Whenever an injury for which compensation is payable under this act shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may at his option either claim compensation or proceed at law by civil action against such other person to recover damages, or proceed both against the employer for compensation and such other person to recover damages, but he shall not collect from both, and if compensation is awarded under this act either the employer or his insurance carrier, having paid the compensation or having become liable therefor, shall have the right to recover in his or its own name or that of the injured employee from the other person in whom legal liability for damages exists not to exceed the indemnity paid and payable to the injured employee."

Under this statute the injured employee, though he may proceed both against his employer for compensation, and a third person causing his injury, cannot collect from both, but the tort-feasor has the right to have any judgment against him credited by the amount of compensation paid. Moreover, the employer or his insurance carrier, having paid the compensation, or having become liable therefor, has the right to recover in its own name or that of the injured employee from the tort-feasor to the extent of the compensation paid. Book v. City of Henderson, 176 Ky. 785, 197 S. W. 449; Williams v. Brown, 205 Ky. 74, 265 S. W. 480; Berry v. Irwin, 224 Ky. 565, 6 S. W. (2d) 705. The attorneys representing the injured employee were not employed by, or at the instance and request of, his employer or the insurance carrier. They contracted solely with the injured employee to sue the tort-feasor for damages, with the knowledge that any judgment would be credited by the compensation paid the injured employee, and that to that extent neither he nor they were interested in the recovery. In the assertion of their right to that portion of the judgment representing the compensation paid, the employer and the insurance carrier were represented by other attorneys. In the circumstances, the attorneys representing the injured em-

ployee had no reasonable expectation that they would receive anything for their services resulting in a recovery to the amount of compensation paid, and something more than mere knowledge on the part of the employer or the insurance carrier that the suit was being prosecuted, or that ultimately they might be benefited thereby, was necessary in order to make them liable for any portion of the attorney fees. In short, the case is one where the attorneys in the action for damages undertook the employment on a contingent basis, and the risk of not receiving any compensation whatever for their services, to say nothing of their services resulting in a recovery to the extent of compensation paid, was one that they took with their eyes open. They were fortunate enough to secure a substantial judgment. For their services in obtaining this judgment, they were paid the fee agreed to be paid by their client, and the only fee which they had any reason to expect. It is true that as a result of their efforts on behalf of their client the employer and insurance carrier will receive a benefit, but that benefit of necessity flowed from the performance by the attorneys of the services which by their contract with their client they were employed to perform, and which they were in duty bound to perform; and for such benefit they cannot claim compensation from appellees, who were not their clients either by express contract or implication of law. O'Doherty & Yonts v. Bickel, 166 Ky. 708, 179 S. W. 848, Ann. Cas. 1917A, 419; Pepper v. Pepper, 98 S. W. 1039, 30 Ky. Law Rep. 460; Hand v. Savannah & C. R. Co., 21 S. C. 162; Rives v. Patty, 74 Miss. 381, 20 So. 862, 60 Am. St. Rep. 510. This conclusion conforms to the view of the Court of Appeal of Louisiana, First Circuit, which held that an employer's insurer, who had nothing to do with the employing of an attorney by the employee's widow in connection with her suit against the tort-feasor for her husband's death, was not bound by any implied obligation or equitable principle to reimburse her for part of the fee which she alleged that she was obliged to pay her attorney for recovering judgment against the tort-feasor, even though the insurer refused to sue, but intervened and obtained judgment to the extent of compensation payments which it had already made. Hudson v. Union Indemnity Co., 9 La. App. 257, 119 So. 462.

But the further point is made that the attorneys

are entitled to a fee under section 489, Kentucky Statutes, which is as follows:

> "In actions for the settlement of estates, or for the recovery of money or property held in joint tenancy, coparcenary, or as tenants in common, if it shall be made to appear that one or more of the legatees, devisees, distributees or parties in interest have prosecuted for the benefit of others interested with themselves, and have been at trouble and expense in conducting the same, it shall be the duty of the court to allow such person or persons reasonable compensation for such trouble, and for necessary expenses, in addition to the fees and costs; said allowance to be paid out of the funds recovered before distribution, the persons interested having notice of the application for such allowance."

The suit for damages against the tort-feasor was not an action for the settlement of an estate, or for the recovery of money or property held in joint tenancy, coparcenary, or as tenants in common. It was a mere suit for damages, in the result of which the injured employee on the one hand, and his employer and its insurance carrier on the other, were in no sense jointly interested. On the contrary, their interest in the recovery was separate and distinct; the interest of the injured employee being limited to the excess of the judgment over the compensation paid, and the interest of his employer and its insurance carrier extending no further than the compensation paid. Obviously the statute does not apply.

There is the further insistence that the employer and its insurance carrier are estopped from questioning the fee. The most that can be said is that they stood by and knew that the attorneys would claim a fee on the whole amount recovered. There is no showing that because of any act, speech, or silence on the part of the employer or the insurance carrier, the attorneys performed any service which they would not have performed, or were not bound to perform, under their contract of employment, or that they were induced to forego any right which otherwise they might have asserted. In the circumstances, it is not inequitable for the employer and its insurance carrier to resist the payment of the fee.

Judgment affirmed.