## SLOAN v. APPALACHIAN ELECTRIC POWER CO.

District Court, S. D. West Virginia.
March 29, 1939.

R. G. Lilly, of Charleston, W. Va., for plaintiff.

J. B. Meek, of Huntington, W. Va., for defendant.

E. Paul Williams, of Ashland, Ky., for intervener.

HARRY E. WATKINS, District Judge.

Plaintiff, a resident of Kentucky, instituted this action against defendant, a resident of West Virginia, to recover $15,000 damages for personal injuries sustained in West Virginia. The matter is now before me upon motion of the Employers' Liability Assurance Corporation to intervene as a party plaintiff under Rule 24(a) and (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Plaintiff was employed in the State of Kentucky by Catlettsburg, Kenova and Ceredo Water Company and was injured in the course of his employment while temporarily in West Virginia. He alleges that his injuries, a severe electric shock, were caused by the negligence of the defendant power company in the maintenance of its power lines. The water company carried an insurance policy with the insurance company, whereby the latter agreed to carry or adjust any workman's compensation claims which would arise against the water company. Plaintiff made claim for his injuries to the water company. This claim was accepted and is being paid by the insurance company. The insurance company has paid plaintiff $12.48 per week since the date of injury and will continue to pay him for such time as specified under the Kentucky Compensation Act (Ky.St. § 4880 et seq.), including medical expense not to exceed $400. It asks to intervene as a party plaintiff in order that such expenditures may be recovered out of any judgment against the power company. The plaintiff resists such motion.

The insurance company bases its right of subrogation upon Section 4890 of Baldwin's 1936 Revised Edition, Kentucky Statutes. That statute provides as follows:

"§ 4890. Injuries caused by third persons.— Whenever an injury for which compensation is payable under this act shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employe may at his option either claim compensation or proceed at law by civil action against such other person to recover damages, or proceed both against the employer for compensation and such other person to recover damages, but he shall not collect from both, and if compensation is awarded under this act either the employer or his insurance carrier, having paid the compensation or having become liable therefor, shall have the right to recover in his or its own name or that of the injured employe from the other person in whom legal liability for damages exists not to exceed the indemnity paid and payable to the injured employe. (March 23, 1916, c. 33, p. 354, § 9; as amd. March 22, 1922, c. 50, p. 167, § 2.)"

This statute has been fully construed by the Supreme Court of Kentucky in Berry, et al. v. Irwin, et al., 224 Ky. 565, 6 S.W.2d 705. There suit was brought by the employe against a negligent third party. The insurance company which had paid compensation was permitted to intervene, and allowed to recover the indemnity it had paid, out of the judgment against the third person.

■ Under Section 4888 of the Kentucky Statutes, employers who hire employes within Kentucky to work in whole or in part outside the state, may agree in writing with such employes to exempt from the operation of the Kentucky Compensation Act, any injuries received outside the state. In the absence of such agreement the act provides that the remedies provided thereunder shall be exclusive as regards injuries received outside the state upon the same terms and conditions as if received within the state. Here there was no such agreement and the Kentucky Compensation Act is applicable.

Rule 24(a) of the Federal Rules of Civil Procedure allows intervention as a matter of right when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; under Rule 24(b) permissive intervention is allowed when an applicant's claim or defense and the main action have a question of law or fact in common.

■ Under either of these rules this insurance company should be permitted to intervene here. In that manner effect can be given to the Kentucky law which allows the insurance company indemnity it pays out of any judgment which may be rendered for plaintiff. It does not appear that such intervention will unduly delay or prejudice the adjudication of the rights of the original parties. Instead it will permit the just and speedy settlement of the entire controversy in one action.

■ Plaintiff says that since the accident happened in West Virginia, the West Virginia law should govern this question of intervention, and that in West Virginia an employer has no right of subrogation against a third person who negligently injures an employe for which injury the employe receives compensation. I can not agree that the West Virginia law controls this question.

■ It is true that the law of West Virginia, where the accident occurred, determines the question of negligence, but the law of Kentucky determines the rights of the parties under plaintiff's contract of employment. The contract of employment was entered into in Kentucky, and the provisions of the Kentucky Compensation Act became a part of that contract of employment, so that the insurance company's right of subrogation is not only statutory but contractual.

Plaintiff himself has recognized the applicability of the Kentucky Compensation Act by making claim and receiving compensation thereunder. The rights of the parties to that contract of employment must be enforced in accordance with the Kentucky law, irrespective of the place where the accident occurred or the place where suit is instituted. The motion to intervene is granted.

Counsel may submit an appropriate order in accordance with the conclusion reached.