AETNA CASUALTY & SURETY COMPANY, Appellant,

v.

Lyma A. SNYDER, Appellee.

Court of Appeals of Kentucky.

March 23, 1956.

As Modified on Denial of Rehearing May 25, 1956.

Creech & Cox, Ashland, for appellant.

C. F. See, Jr., Louisa, for appellee.

SIMS, Judge.

The question before us for determination is whether or not appellant, Aetna Casualty & Surety Company, which carried the workmen's compensation insurance on the employer of appellee, Lyma A. Snyder, and did not intervene in her proceeding against a third party whose negligence caused her injury, may recover from appellee the amount the Company paid her for a disability she received which arose out of and in the course of her employment. Upon the case being submitted to the court for judgment on the pleadings, the complaint was dismissed and this appeal followed. This seems to be a question of first impression in this jurisdiction.

The pleadings show these facts. On October 26, 1950, appellee while acting in the course of her employment was struck by a truck of the Kentucky State Highway Department, hereinafter referred to as the Department. On February 21, 1951, she filed a claim under KRS 44.070 with the Board of Claims to recover $5,000 damages against the Department. She made a claim on October 22, 1951, against her employer under the Workmen's Compensation Act to be compensated for her injuries. Appellant, the compensation insurance carrier of her employer, settled this claim with appellee for $1,691.91, which settlement was approved by the Workmen's Compensation Board, and this sum was paid appellee by appellant on December 19, 1951. The Board of Claims awarded appellee the full amount she sought in damages against the tort-feasor, $5,000, the limit of the Board's jurisdiction, and on July 22, 1952, she was paid that sum by the tort-feasor.

The record does not show that appellee gave her employer notice of filing her claim with the Board of Claims against the third party tort-feasor as required of her by KRS 342.055. However, as appellant had actual knowledge of this fact, we do not regard appellee's failure to give this notice as important. Appellant did not intervene in appellee's proceeding against the third party tort-feasor before the Board of Claims, but on October 5, 1953, it filed this action against appellee in the Lawrence Circuit Court to recover the $1,691.91 it had paid her under the Workmen's Compensation Act. This action was filed under KRS 342.055, which reads:

"Whenever an injury for which compensation is payable under this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages, the injured employe may either claim compensation or proceed at law by civil action against such other person to recover damages, or proceed both against the employer for compensation and such other person to recover damages, but he shall not collect from both. If the injured employe elects to proceed at law by civil action against such other person to recover damages, he shall give due and timely notice to the employer of the filing of such action. If compensation is awarded under this chapter, either the employer or his insurance carrier, having paid the compensation or having become liable therefor, may recover in his or its own name or that of the injured employe from the other person in whom

legal liability for damages exists, not to exceed the indemnity paid and payable to the injured employe."

Appellee insists that the action given appellant under the statute just quoted is not a separate and independent action against her, but this statute only subrogates appellant to her right of action against the tort-feasor, and the same statutory limitation applies to appellant as applies to her, hence the one year statute of limitation, KRS 413.140, pleaded in her answer bars appellant's action, citing Whitney v. Louisville & N. R. Co., 296 Ky. 381, 177 S.W.2d 139 and Employers Mut. Liability Ins. Co. v. Brown Wood Preserving Co., 298 Ky. 194, 182 S.W.2d 30.

Appellee is correct that appellant is subrogated to her right of action against the third party tort-feasor, which is not a separate and independent action, as was held in the Whitney case. However, appellant's right to intervene in appellee's action against the tort-feasor would not be barred by its failure to intervene within one year from the accrual of appellee's right of action against the tort-feasor. We held in Roberts v. United States Fidelity & Guaranty Co., Ky., 273 S.W.2d 39, that where the injured employee had instituted suit against the third party within one year from the date of the accident, the insurance carrier of the employer could intervene after the one year period. Also, see, Berry v. Irwin, 224 Ky. 565, 6 S.W.2d 705, and annotation in 105 A.L.R. 601. But in the case at bar we are not concerned with the right of the intervenor, since appellant did not attempt to intervene.

█ Here, appellant's right of recovery or recoupment against appellee does not arise out of subrogation, since the right is asserted against appellee herself and not against the tort-feasor. Appellant's right of action against appellee is based on a claim for money had and received by appellee for the use of the insurance carrier, and is impliedly given by KRS 342.055 when it says the injured employee cannot collect both compensation from the employer and damages from the third party tort-feasor.

█ It is provided in KRS 413.120(2) "An action upon a liability created by statute, when no other time is fixed by the statute creating the liability, * * * shall be commenced within five years after the cause of action accrued." The statute creating this liability, KRS 342.055, fixed no time within which the action created by it must be brought, therefore KRS 413.120(2) applies. As appellant brought this action within five years after it accrued, the court erred in applying the one year statute of limitation and in holding the action was barred. For this error the judgment must be reversed.

Appellee argues that appellant had the right to intervene in her proceeding against the Commonwealth in the Board of Claims, and since it did not do so it is estopped from bringing an independent action against her. True appellant did have this right to intervene, but its failure to intervene did not prevent it from maintaining this separate suit against appellee to recover the $1,691.91 it paid her as the workmen's compensation award. She is not in the least prejudiced by appellant suing her directly instead of intervening in her proceeding against the Commonwealth. Had appellant there intervened, her $5,000 award would have been reduced by $1,691.91. As it is, she received her full award but must now reimburse appellant the $1,691.91 it paid her on her workmen's compensation claim. Appellee receives $3,308.09 regardless of whether appellant intervened or brought its action against her, therefore she has no ground for complaint.

Under KRS 342.055 she cannot recover from both her employer and the tort-feasor. In 2 Larson's Workmen's Compensation Law, § 71.20, p. 166, it is pointed out this is fair to all concerned as the employer who was without fault comes out even, the third party who caused the injury pays exactly the damages it would normally pay, and the employee usually get a larger sum for his or her injury than he or she would by proceeding under the Workmen's Compensation Act alone.

█ Appellee urges that if appellant is allowed to recover from her the $1691.91 it

paid her under the Workmen's Compensation Act, she should be allowed to recover on her counter-claim additional workmen's compensation of $7,600 against her employer, since she did not get the full amount of compensation to which she was entitled under the Compensation Act. The answer to this argument is the circuit court has no authority to award appellee additional workmen's compensation. She will have to proceed under KRS 342.125 to have the Workmen's Compensation Board determine whether or not it will re-open her case for the reasons set out in that section of the statute.

Another contention of the appellee is that there should be taken into consideration the fact that (1) she did not actually receive $1,691.91 in compromise settlement of her claim for workmen's compensation since 12½% ($211.49) was deducted from that sum and paid to her attorney, KRS 342.320; and (2) that in prosecuting her claim against the state for damages, she was compelled to pay an attorney's fee and other expenses and it is unjust to permit the insurance company to sit back idly and let her carry all the burden and expense and the company, in effect, get $1,691.91 (approximately one-third) of her recovery of $5,000.

On the first point we think the appellee's contention is well taken, that if any recoupment is to be allowed the insurance carrier (as this court has herein found in reversing the judgment), the amount should be the net sum she received from it.

The second point seems to be supported by Southern Quarries & Contracting Co. v. Hensley, 313 Ky. 640, 232 S.W.2d 999, and 58 Am.Jur., Workmen's Compensation, Sec. 354. We think the Hensley case is distinguishable. The award of workmen's compensation exceeded the amount recovered against the tort feasor while in this case we have simply the recoupment by the insurance carrier of a part of the larger judgment for common law damages. The present case is more like Spinner v. Fidelity & Casualty Co. of N. Y., 245 Ky. 519, 53 S.W.2d 946, 947, holding the attorney's fee should not be taken into consideration since

there was no implied contract by the insurance carrier to pay any part of such fee.

The judgment is reversed with directions that one be entered allowing appellant to recover of the appellee the $1,691.91 it paid her, less the amount of the statutory attorney's fee of $211.49.