CHARLES SELIGMAN DISTRIBUTING
COMPANY, Appellant,

v.

Russell BROWN et al., Appellees.

Court of Appeals of Kentucky.

June 22, 1962.

As Modified on Denial of Rehearing
Sept. 21, 1962.

Ware & Ware, James A. Nolan, Coving-ton, for appellant.

R. Howard Smith, Newport, for appel-lees.

BIRD, Judge.

The Workmen's Compensation Board awarded Russell Brown, a truck driver, compensation for total permanent disability. The employer appealed to the Kenton Circuit Court where the Board's award was upheld and the petition for review dismissed. The employer now appeals to this Court.

It is first contended by appellant that it was error to award total permanent disability.

The employee introduced two physicians. One evaluated the extent of the injury as 50% to the body as a whole. The other said there would be some permanent injury but declined to evaluate the extent because sufficient time had not elapsed.

It is admitted that the employee did engage in his occupation as truck driver for some two or three different employers for relatively short intervals after his injury.

Appellant insists this subsequent employment together with the testimony of the two physicians was sufficient to completely nullify the employee's testimony as to total disability, thus leaving no evidence upon which the Board could award permanent disability of more than 50% as stated by one of the physicians.

We find this testimony concerning his subsequent employment:

"I lied to him—I was forced to go to work—my wife and kids didn't have anything to eat—I couldn't pay my rent—my bills was running up—and I had to do something—regardless of how bad I felt.

"I had bill collectors riding on my neck—I'd been sued and had judgment against me—I couldn't pay my house rent—my utilities—my doctor bills—my wife had cancer and heart trouble and with me with no job and not able to work—I didn't know where the money was coming from—there wasn't no money coming in."

He later stated that he had to do what he did, able or not.

The record shows that he had to give up his subsequent employment because of the injury for which the Board awarded him compensation.

 "A claimant, like any lay witness, may not undertake to make a prognosis, but he may state facts concerning his condition and these facts may be of such a nature as to enable the Board to determine the extent and duration of the disability even in the absence of medical testimony." Yocum Creek Coal Co. v. Jones, 308 Ky. 335, 214 S.W.2d 410, 412. In this case the evidence of the employer's medical witness nearly two years after the accident that the claimant had an over-all permanent physi-

cal impairment of 50%, with the employee's own testimony that he was incapable of any sustained performance at his regular occupation as a semi-trailer operator, substantially support the finding of total permanent disability under the Workmen's Compensation Act. We have held repeatedly that courts will not overrule the Board's findings of facts so long as there is competent evidence of probative value to support the findings. Brown Coal Co. v. Mays, Ky., 307 S.W.2d 934.

Contractors Service & Supply Co. v. Chism, Ky., 316 S.W.2d 840, held that where the evidence indicates a lighting up or aggravation of a pre-existing latent infirmity or disease the percentage of incapacity attributable to the accident calls for expert medical testimony, but this does not mean that in the ordinary case the employee's testimony may not be considered in determining the degree of impairment.

Having examined all of the record we are of the opinion the employee sufficiently explained his subsequent employment to the Board and provided sufficient competent testimony of probative value for the Board to find total and permanent disability regardless of his subsequent employment in like or similar work. It should be noted that the employee has managed to secure his own rig and hires a driver.

Perhaps it should further be noted that this case was reopened before the Board on the employer's motion and that no effort was made by appellant to produce further medical testimony as to the employee's then current condition.

 The employee in this case sued a third party for damages growing out of the same injury. He recovered damages. The sum recovered in the court action, less the attorneys' fees, was credited on the compensation award. Appellant claims it was error not to credit the compensation award with the entire court recovery. We have held to the contrary in Southern Quarries & Contracting Co. v. Hensley,

313 Ky. 640, 232 S.W.2d 999, where the compensation award exceeds the amount recovered against the tort feasor, as it did in this case. Moreover, regardless of the respective amounts recovered, where the employer or its insurer has a reasonable opportunity to intervene in the employee's action against the third party tort feasor, but chooses not to do so, it would be inequitable to require the employee to bear the attorney fee on that portion of the recovery which KRS 342.055 obliges him to pay over to the employer or its insurer. To the extent that Aetna Casualty & Surety Co. v. Snyder, Ky., 291 S.W.2d 14, and Spinner v. Fidelity & Casualty Co. of N. Y., 245 Ky. 519, 53 S.W.2d 946, indicate otherwise they are overruled.

We find no prejudicial error. The judgment is affirmed.