**Hershell STACY, Appellant,**

**v.**

**South NOBLE, Jr., et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 19, 1962.

Calvin N. Manis, Hazard, for appellant.

Willis W. Reeves, Richard D. Cooper, Reeves, Barret & Cooper, Hazard, for appellees.

MOREMEN, Judge.

Appellant, Hershell Stacy, was employed by Carter's Garage as a mechanic and on September 12, 1959, was repairing a disabled vehicle on the highway when he was struck by an automobile driven by South Noble, Jr. and owned by Hollis Gashaw. He was seriously injured. A few days after the accident appellant employed an attorney to represent him in connection with his Workmen's Compensation Claim and also entered into a written agreement whereby the same attorney was employed to bring action against Noble and Gashaw to recover damages for injuries received because of the negligent operation of the automobile.

The Aetna Casualty & Surety Company was compensation insurance carrier for Stacy's employer, Carter's Garage, and soon after the accident began payments of compensation benefits to him. The Aetna Company entered into an open agreement with Stacy by which it became liable to him for compensation in the sum of $14,931.00 and in addition paid the sum of $2500 for medical treatment. Stacy agreed to pay to his attorney an amount equal to 33⅓ per cent of the amount recovered in the third party tort action. Suit was filed against Noble and Gashaw for damages. Aetna intervened in this action and asked subrogation. It was also shown by the record that Aetna offered to prosecute the suit to a conclusion without cost, but the offer was refused.

The Fund Insurance Company was public liability carrier for Gashaw and it too intervened in the tort action, stated that it had no valid defense to make and paid into court the sum of $5,000, the limit of its liability under the policy. The tort action came on to be heard. Noble and Gashaw failed to appear and judgment by default was had.

The jury returned this verdict:

"We the jury do agree and find for the plaintiff in the sum of $30,000."

Aetna filed an amended intervening complaint, alleged that it was entitled to the entire $5,000 which had been paid into court in partial satisfaction of the judgment, and moved that the court disburse the entire $5,000 to it.

Appellant responded to the motion to disburse the fund and contended that: (1) Stacy should be allowed the sum of $1,949.50—the difference between the hospital and medical expenses allowed by the jury ($4,474) and the amount paid by Aetna as insurance carrier ($2,424.50); (2) Appellant should be allowed the sum of $1,666.66 as a contractual attorney's fee in the tort action; (3) The balance of the $5,000 should be paid to him as damages for pain and suffering, since nothing is allowed for them under the Workmen's Compensation Act.

The circuit court adjudged that Aetna was entitled to the $5,000 fund and held that it was subrogated to the rights of Stacy to the extent of $14,931, compensation awarded to him, less the attorney's fee of $2,396 paid to his attorney out of his compensation. The trial court was correct in refusing to allow items (1) and (3) claimed by appellant.

KRS 342.055 reads:

"Whenever an injury for which compensation is payable under this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages, the injured employe may either claim compensation or proceed at law by civil action against such other person to recover damages, or proceed both against the employer for compensation and such other person to recover damages, but he shall not collect from both. * * * If compensation is awarded under this chapter, either the employer or his insurance carrier, having paid the compensation or having become liable therefor, may recover in his or its own name or that of the injured employe from the other person in whom legal liability for damages exists, not to exceed the indemnity paid and payable to the injured employe."

Under the foregoing statute the employee's cause of action against a third party is assigned to the extent of indemnity paid and payable to him. This Court, however, has written into the statute an exception as to the extent of the assignment insofar as attorneys' fees are involved and has held also in some circumstances that medical expenses may be segregated from other compensation benefits paid by the insurer company with the result that although the insurance carrier may have paid an amount in excess of the entire recovery from a third party, if the verdict in the tort action returns a special item of damages for medical expenses the insurance carrier may be reimbursed out of this item only for the amount of money paid on that account.

In Southern Quarries & Contracting Co. v. Hensley, 313 Ky. 640, 232 S.W.2d 999, the employer became liable for $9,000 disability benefits and $400 for medical expenses. The employee in the third party action recovered $6000 for personal injuries and $1458 for medical expenses. The employer claimed the entire sum of $7,458 as credit on the award. The Court held that only the $400 medical expenses should come out of the $1458 special damages for medical expenses and adjudged that the employee was entitled to retain the excess of $1058.

It will be noted in the case at bar that no amount for special damages for medical care was awarded by the jury and one may only speculate as to whether any was allowed on this account. In the same case (Southern Quarries & Contracting Co. v. Hensley) the contention was made, similar to the one made here, that since there is no allowance for pain and suffering under the Workmen's Compensation Act, other sums should be segregated and placed beyond the insurer's reach because of that fact. It was said:

"It is sufficient answer to this contention that the jury in its verdict made no allocation for pain and suffering. The jury simply divided its verdict into a certain sum for medical expenses and hospital bills and a certain sum for bodily injuries. We cannot speculate or guess what proportion of the $6000, if any, was for pain and suffering."

We do not believe the court intended to lay down a rule to the effect that if the jury had made a separate allowance for pain and suffering in its verdict the employee was entitled to that amount before the insurer was paid. The holding apparently was that since no separation was had speculation was unnecessary. The question of the right of the employee to such items before the insurer was reimbursed for its expenditures was not reached. Any indication otherwise from the language used would result from obiter dictum.

In the case at bar, although the jury was instructed that it could return a verdict for medical services of a sum not to exceed $4374, it, in fact, made no specific return in this regard. So, under the authority of the Southern Quarries Company case we

refuse to speculate as to what proportion was for medical expenses and, at the same time, find it unnecessary to decide whether the employee had a prior claim to money recovered from the third party if the jury had made a specific finding on that account.

The question of when and to what extent an employee in a third party action is entitled to an attorney's fee out of any recovery has caused this Court considerable difficulty. In some cases the decision was based on whether the compensation award exceeded the amount recovered against the tort feasor. In the Southern Quarries case the sum recovered in the court action less the attorney's fee was credited on the compensation award. There the compensation award exceeded the amount recovered. In Aetna Casualty & Surety Co. v. Snyder, Ky., 291 S.W.2d 14, the amount of recovery exceeded the amount of the award and this distinction was the basis for the holding that the carrier's recoupment could not be reduced by employee's expenses, including attorneys, in prosecuting claim against tort feasor.

In Spinner v. Fidelity & Casualty Co. of N. Y., 245 Ky. 519, 53 S.W.2d 946, the attorney's fee was denied on the ground that there was no implied contract by the insurance carrier to pay any part of such fee.

In the case of Charles Seligman Co. v. Russell Brown, Ky., 360 S.W.2d 509, this Court overruled the two cases just mentioned and, in doing so, said:

"The employee in this case sued a third party for damages growing out of the same injury. He recovered damages. The sum recovered in the court action, less the attorneys' fees, was credited on the compensation award. Appellant claims it was error not to credit the compensation award with the entire court recovery. We have held to the contrary in Southern Quarries & Contracting Co. v. Hensley, 313 Ky. 640, 232 S.W.2d 999, where the com-

pensation award exceeds the amount recovered against the tort feasor, as it did in this case. Moreover, regardless of the respective amounts recovered, where the employer or its insurer has a reasonable opportunity to intervene in the employee's action against the third party tort feasor, but chooses not to do so, it would be inequitable to require the employee to bear the attorney fee on that portion of the recovery which KRS 342.055 obliges him to pay over to the employer or its insurer. To the extent that Aetna Casualty & Surety Co. v. Snyder, Ky., 291 S.W.2d 14, and Spinner v. Fidelity & Casualty Co. of N. Y., 245 Ky. 519, 53 S.W.2d 946, indicate otherwise they are overruled."

It will be noted in the foregoing quotation that some emphasis is placed on the fact that in that case the insurer had the opportunity to intervene, but did not avail itself of the opportunity. In this case the insurance company did intervene and in addition offered to prosecute the third party action free of cost to the employee. It will be noted, however, that in Southern Quarries case the basis for granting the attorney's fee to the employee was the fact that the insurance carrier had intervened in the suit. We said:

"While there was no contractual relationship between the Company or its Insurance Carrier and the attorney bringing the common law action against the tort feasor, the Insurance Carrier did intervene in that suit to obtain the benefits therefrom and it therefore seems equitable that they should allow deduction for the attorney's fee necessary to obtain those benefits before the judgment is credited against the award, and we so hold."

The opinion in Charles Seligman v. Brown had not been handed down at the time this case was decided by the trial court. The briefs on this appeal were also prepared before the decision was had. A review of the cases shows that we have had

great difficulty in maintaining a simple line of logic that would sustain justice in each case. Equitable principles have been invoked to prevent one from obtaining without cost the fruits of an attorney's labor.

We have concluded that regardless of the facts of the initial employment of counsel, if the employee's counsel actually bears the burden of obtaining recovery from the third party, then whoever takes the money is chargeable with a share of the fee. The fee must, however, be a reasonable one.

We have borne in mind that the initial right of action is vested in its entirety in the injured person and even though KRS 342.055 works an assignment of a portion of that cause of action—and perhaps sometimes the entire action—we have not been unmindful of the prime right of the employee to be represented by an attorney of his own choosing.

The judgment is reversed and the case remanded for proceedings consistent with this opinion.

MONTGOMERY, J., dissents.