183 So.2d 434 (1966)
O. L. BROOKS, d/b/a Brooks' Heating and Air Conditioning, Plaintiff-Appellee,
v.
W. L. BRITNELL, d/b/a Bossier Caddo Glass Company, Defendant-Appellant.
No. 10515.
Court of Appeal of Louisiana, Second Circuit.
January 26, 1966.
Rehearing Denied March 1, 1966.
*435 Glenn F. Armstrong, and T. B. Wilson, Bossier City, for appellant.
Thomas & Loridans, Bossier City, for appellee.
Before HARDY, AYRES and BOLIN, JJ.
BOLIN, Judge.
From judgment in favor of plaintiff in the sum of $469.49 for materials and labor for the installation of an air conditioning system in defendant's commercial establishment at Bossier City, Louisiana, defendant appeals.
Plaintiff and defendant operated businesses adjoining one another. In April 1965 defendant's air conditioning unit became inoperative and he discussed this problem with plaintiff. Plaintiff suggested to defendant the possible source of the trouble was the compressor located on the roof of the building which might have been struck by lightning and that defendant should contact his insurance carrier to see if the damage was covered under his insurance policy. In due time the insurance adjuster ascertained the difficulty was attributable to lightning and requested defendant to obtain an estimate of the cost of the repairs. Plaintiff prepared an estimate of $469.49 which was presented to the adjuster. On or about May 12, 1965, plaintiff and a crew of workmen came to defendant's place of business and replaced the defective compressor with a rebuilt one and otherwise overhauled the air conditioning system. The record does not show the exact date such work was completed but it was approximately May 15, 1965.
Plaintiff admits defendant never specifically authorized him to perform the work made the basis of this suit. He further admits defendant has at all times refused to pay for such work. The insurance adjuster likewise testified defendant never at any time authorized him to have plaintiff perform the work.
It is undisputed Britnell was not present during the performance of any of the work. He testified the first time he was told plaintiff was claiming the sum of $469.49 he advised him immediately that he would not pay it.
Suit was filed on July 1, 1965. Defendant contends in his answer and so testified in the trial that he never authorized the work; that the only offer he had ever made plaintiff was for the installation of a used unit for $75. By way of a reconventional demand, should the court find any other contract had been entered into, he asked that it be rescinded and that plaintiff be required to remove his property from the premises of defendant.
Since undisputed facts show defendant never consented to the installation of an air conditioning system no binding agreement was consummated. Louisiana Civil Code Article 1766 and Baton Rouge General Hospital v. Superior Cleaners et al., 231 La. 820, 93 So.2d 20 (1956).
This leaves for determination the question of whether plaintiff has established sufficient facts to entitle him to recover under Louisiana Civil Code Articles 2293 and 2294. Under these articles recovery has been allowed upon an obligation implied in law, or quasi contract, for services which benefit another, sometimes referred to in our jurisprudence as "quantum meruit."
Although plaintiff has not alternatively asked for relief on the basis of quantum meruit under a quasi contractual theory, this court may nevertheless consider the matter under the authority granted by Louisiana Code of Civil Procedure Article 2164. National Crankshaft Co. v. Natural *436 Gas Industries, Inc., 246 La. 395, 165 So.2d 1 (1964).
When a demand is based on quasi contract it is incumbent upon the party relying thereon to show by a preponderance of evidence that the other party's promise to pay was implied from his action in keeping the goods or his benefiting from the services rendered after notice of delivery of such goods or services. In the instant case plaintiff has failed to bear this burden of proof. While the evidence as to what transpired between the date of the completion of the work by plaintiff and the filing of the suit is not clear, it is certain there expired only a period of approximately six weeks. Plaintiff testified he asked defendant to pay him and that he refused although the record does not reflect the date of this demand. Under these circumstances we feel the court is entitled to indulge in the assumption defendant not only initially refused to pay for the services, but that he continued to deny liability and remonstrate with plaintiff for having performed services for him without his authorization. We conclude defendant has not enjoyed the benefits of plaintiff's services but has permitted the work and material to remain on his premises under protest and for a very short time and this has not subjected him to liability under the provisions of our civil code relating to a quasi contract.
For the reasons assigned the judgment appealed from is reversed, annulled and set aside and plaintiff's demands are rejected at his cost.
It is further ordered that plaintiff be granted thirty days from the date this judgment becomes final to remove from the premises at 420 Traffic Street, Bossier City, Louisiana, any materials or appliances which he caused to be placed thereon during the work referred to herein which was performed on or about May 12, 1965.
Reversed and rendered.