187 So.2d 124 (1966)
DUGGAN MACHINE COMPANY, Inc., Plaintiff-Appellee,
v.
CONSOLIDATED WELL SERVICING COMPANY, Inc., Defendant-Appellant.
No. 10586.
Court of Appeal of Louisiana, Second Circuit.
May 30, 1966.
*125 James E. Franklin, Jr., Shreveport, for appellant.
Robert G. Pugh, Shreveport, for appellee.
Before GLADNEY, AYRES and BOLIN, JJ.
GLADNEY, Judge.
Plaintiff brought this suit to collect indebtedness on an account in the amount of $3,045.22 representing charges for parts and labor in connection with the repair of equipment and machinery owned by defendant. Judgment was rendered in favor of plaintiff and defendant has appealed. Plaintiff has answered the appeal asking for damages for frivolous appeal.
On trial defendant admitted the indebtedness to the extent of $2,152.27 leaving a contested balance of $892.95 for charges in connection with the repair of a mud pump. The primary questions raised by this appeal involve the correctness, vel non, of the lower court's determination that defendant was indebted to plaintiff for the costs of repair of the mud pump, and demand for damages for frivolous appeal.
The testimonies of D. H. Duggan, President of plaintiff corporation and V. B. Bradford, a mechanic employed by plaintiff, show that one of defendant's "tool pushers", G. W. Hobbs, called plaintiff and asked that a mechanic come to the well location to inspect the mud pump. Bradford went to the well site, inspected the pump, and advised Hobbs that the pump needed repairs which required the pump be brought to plaintiff's shop. Hobbs delivered the pump to plaintiff's shop and defendant was given an estimate of the costs of repairs, at which time it was mentioned that defendant's Vice President, O. C. Smith, took the position that the vendor of the pump should pay for the repairs, but plaintiff advised defendant that any controversy between defendant and its vendor was a matter not of concern or interest to it. After completion of the repairs defendant's employee Hobbs picked up the pump and defendant put it in use. After futile demands on defendant for payment plaintiff filed this suit.
Appellant relies on the testimonies of Hobbs and Smith in its contention that there was no agreement with plaintiff to pay the cost of repairs. Hobbs, who delivered the pump, testified that payment was not discussed with him, but that he did advise plaintiff that defendant intended to discuss the matter with the vendor of *126 the pump. Smith testified that he told Hobbs to proceed with the repairs after trouble developed at the well location. Smith testified that he neither told plaintiff that defendant would be responsible, nor did he deny such responsibility to plaintiff.
The doctrines of quasi contract and quantum meruit are found in Articles 1816, 2293 and 2294 of the Louisiana Revised Civil Code, and have always been recognized by the courts of this state. Under these doctrines a person can, by his inaction and acceptance of the benefits of another's labor, obligate himself to pay the reasonable value of the other's labor. In the case at bar when defendant delivered the mud pump, accepted the repairs made by plaintiff, and benefited from these repairs by putting the equipment in use, defendant became obligated to pay the cost of the repairs. National Crankshaft Company v. Natural Gas Industries, Inc., 246 La. 395, 165 So.2d 1 (1964), and cases cited therein.
Under the provisions of the Louisiana Code of Civil Procedure an appellate court may grant relief on the basis of quantum meruit under a quasi contractual theory although such relief is not prayed for in an alternative demand. LSA-C.C.P. 2164; National Crankshaft Company v. Natural Gas Industries, Inc., supra; Brooks v. Britnell, La.App., 183 So.2d 434 (2nd Cir. 1966).
By way of answer to this appeal plaintiff has demanded damages for frivolous appeal. Under the authority of article 2164 of the Louisiana Code of Civil Procedure an appellate court has the discretionary power to award damages for frivolous appeal. The facts and circumstances of this case do not warrant the award of such damages, and, accordingly, plaintiff's demand is rejected.
Finding no reversible error, the judgment of the trial court is affirmed with costs of this appeal taxed to appellant.
Judgment affirmed.