**GIBSON & ODOM ELECTRIC COMPANY, Inc., Appellant,**

v.

**R. F. BALL CONSTRUCTION COMPANY, Inc., and Fireman's Fund Insurance Company, Appellees.**

No. 22824.

United States Court of Appeals
Fifth Circuit.

Oct. 28, 1966.

Samuel I. Rosenberg, Ernest A. Carrere, Jr., Frank C. Allen, Jr., of Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Robert J. Martin, Jr., of Polack, Rosenberg & Rittenberg, New Orleans, La., for appellant.

A. J. Schmitt, Jr., George R. Blue, of Beard, Blue, Schmitt & Treen, New Orleans, La., Richard U. Simon, of Simon & Simon, Fort Worth, Tex., for appellee R. F. Ball Const. Co.

Before JONES and COLEMAN, Circuit Judges, and JOHNSON, District Judge.

PER CURIAM.

The appellee, R. F. Ball Construction Company, Inc., was the prime contractor of a construction job in New Orleans, Louisiana. The appellant, Gibson & Odom Electric Company, Inc., claimed it was the low bidder for an electrical subcontract and that it had entered into a verbal agreement with Ball to perform the electrical work. Before the documents were in satisfactory form, Ball notified Gibson & Odom that it had withdrawn from the proposed subcontract. Ball gave the electrical subcontract to another. Gibson & Odom sues for breach of contract and says that under instructions from Ball it had incurred obligations and expenses. It sought recovery both on the theory of a

breach of contract and on quantum meruit. The district court made findings and conclusions, deciding that no binding contract had been made and Gibson & Odom was not entitled to a recovery of damages or for anticipated profits. The district court gave Gibson a judgment of $3,496.17 as reimbursement for expenditures made in doing preliminary work. The question in the district court was primarily one of fact. The question here is whether the findings of the district court are clearly erroneous. We decide that they are not. The judgment of the district court is

Affirmed.