**BANK OF THE SOUTH, Plaintiff,**

v.

**FORT LAUDERDALE TECHNICAL
COLLEGE, INC., Defendant.**

**Civ. A. No. 68–1990.**

United States District Court
E. D. Louisiana,
New Orleans Division.

May 24, 1969.

Val A. Schaff, III, New Orleans, La.,
for plaintiff.

Leon Sarpy, New Orleans, La., E. Clay
Shaw, Jr., Fort Lauderdale, Fla., for de-
fendant.

RUBIN, District Judge:

The plaintiff sues on an alleged ex-
press contract. In the alternative, it
seeks to recover under the respected civ-
il law doctrine of negotiorum gestio, the
basic rule for which is set forth in
Louisiana Civil Code Article 2295:

"When a man undertakes, of his
own accord, to manage the affairs of
another, whether the owner be ac-
quainted with the undertaking or ig-
norant of it, the person assuming the
agency contracts the tacit engagement
to continue it and to complete it, until
the owner shall be in a condition to
attend to it himself; he assumes also
the payment of the expenses attending
the business.

"He incurs all the obligations which would result from an express agency with which he might have been invested by the proprietors."

In return, the Civil Code imposes obligations on the recipient of the services:

"Equity obliges the owner, whose business has been well managed, to comply with the engagements contracted by the manager, in his name; to indemnify the manager in all the personal engagements he has contracted; and to reimburse him all useful and necessary expenses." Art. 2299, LSA–C.C.

■■ The rule has been frequently applied. See, for example, the discussions in Comment (1933), 7 Tul.L.Rev. 253 (necessary elements of and the rights and duties under the quasi contract resulting from the management of another's affairs); and Comment (1961), 36 Tul.L.Rev. 108 ("Management of the Affairs of Another"). Whether or not a claim in what our common law friends term "quantum meruit" has been made out is a question of fact. Gibson & Odom Electric Co., Inc. v. R. F. Ball Construction Co., Inc., 5 Cir.1966, 368 F.2d 182. Hence it cannot appropriately be resolved on the evidence before us on the motion for summary judgment. Whether or not the facts that will be proved at the trial will establish the plaintiff's right to recover can only be resolved then. See, for example, Bordelon Motors, Inc. v. Thompson, La.App.1965, 176 So.2d 836; Babineaux v. Grisaffi, La.App.1965, 180 So. 2d 888; Brooks v. Britnell, La.App.1966, 183 So.2d 434; and Duggan Machine Co. v. Consolidated Well Servicing Co., La. App.1966, 187 So.2d 124. *Compare* Louisiana State Mineral Board v. Albarado, 1965, 248 La. 551, 180 So.2d 700.

■■ The defendant urges the well-established rule "that ordinarily attorney's fees are not accessible [sic] as an item of damages unless provided for by law or by contract." Breaux v. Simon, 1958, 235 La. 453, 104 So.2d 168, 171. There can be no doubt that, under Louisiana law, even a successful plaintiff is not entitled to recover the attorney's fees he incurred in collecting his claim as additional damages due him by the defendant, absent statutory provision or contractual agreement. However, the attorney's fees sought by the plaintiff here are not those incurred in connection with this suit, but those allegedly expended in retaining legal services *in connection with another matter* for the defendant's benefit. The plaintiff's right to recover for this expenditure is no different from its right to recover any of the other expenses allegedly incurred, and is dependent on the same principles.

It may be true that the plaintiff will not be able to establish the facts necessary to sustain recovery; but this is a question that must be resolved after a trial and not by motion for summary judgment.

■ Nor can the motion to dismiss on jurisdictional grounds be granted in the light of the affidavit filed on May 14, 1969. It does not at this time appear to a legal certainty that the claim is really for less than the jurisdictional amount. St. Paul Mercury Indemnity Co. v. Red Cab Co., 1938, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845; Otis Elevator Co. v. Seale, 5 Cir.1964, 334 F.2d 928.

■ The defendant contends that the plaintiff is not entitled to recover for amounts paid to its employees as part of their regular salaries. But such a claim by the plaintiff can not automatically be rejected as a matter of law. The question put on the motion to dismiss is whether there is any possible basis under the pleadings for the plaintiff to recover these items. It is conceivable that facts might be shown that might entitle a party to recover for the value of the time lost from their normal pursuits by its regular employees for the defendant's benefit. The amount paid them might be an accurate measure of the loss sustained.

Therefore the motions to dismiss and for summary judgment are denied.