292 So.2d 892 (1974)
G. G. McMORRIS
v.
Kenneth PEPPERDENE, Jr.
No. 9729.
Court of Appeal of Louisiana, First Circuit.
March 22, 1974.
Rehearing Denied April 22, 1974.
Writ Refused May 31, 1974.
*893 Walton J. Barnes, Baton Rouge, for appellant.
Jack N. Rogers, Baton Rouge, for appellee.
Before LOTTINGER, BLANCHE and de la HOUSSAYE, JJ.
BLANCHE, Judge.
On May 26, 1971, a fire occurred at the residence of defendant, Kenneth Pepperdene, Jr. Defendant notified his fire insurer's agent, Leonce Boudreaux, Jr., who in turn notified the fire insurer's adjuster, James M. Oates. Mr. Oates in turn notified a general contractor, plaintiff, G. G. McMorris, all of whom met with defendant on his premises just as the fire was in the process of being extinguished.
Plaintiff claims that as a result of this meeting an oral contract was entered into whereby defendant agreed to permit plaintiff to repair defendant's damaged premises. Defendant denies that any such verbal agreement was confected and contends, on the contrary, that it was his understanding and the gist of the conversation that plaintiff was representing the fire insurer and would undertake whatever clean-up procedure was necessary in order to prepare an estimate of the fire damage for adjustment of the loss.
Plaintiff and his employees performed certain services at defendant's premises until it became apparent to defendant's wife that plaintiff was undertaking to repair the house rather than merely clean up the premises preparatory to making an estimate, whereupon defendant's wife communicated with Mr. Oates and demanded that plaintiff leave the Pepperdene premises.
In due course plaintiff presented defendant with an itemized bill for services allegedly rendered in the sum of $817.00, to which was added 25 percent thereof as "Overhead and Profit," or a total bill of $1,031.25. When payment was refused, this suit followed.
The trial court rendered a money judgment in favor of plaintiff and against defendant in the principal sum of $408.50. The trial court dismissed the reconventional demand filed by defendant-reconvenor, and assessed each litigant for one-half the court costs. From this judgment defendant-reconvenor appealed, and plaintiff-defendant in reconvention answered the appeal, asking that the judgment be increased to the full amount sued for. We amend the judgment for the reasons set forth below.
Although counsel for plaintiff-defendant in reconvention contends in brief that the trial judge found in Oral Reasons for Judgment the existence of a verbal contract, our review of the Oral Reasons for Judgment negates such a conclusion, and our review of the record convinces us that if, indeed, the trial judge did conclude there was in existence such a verbal contract, such a conclusion would be manifestly erroneous. On the contrary, our review of the evidence convinces us that there never was any meeting of the minds of the parties hereto, and in the absence of such consent, a prerequisite to the existence of a contract, no such contract, verbal or otherwise, has been established by a requisite preponderance of the evidence.
We are likewise satisfied, however, that plaintiff is entitled to recover from defendant under quasi contract. Although plaintiff did not sue in the alternative for recovery under quasi contract or quantum meruit, this Court, like the trial court, has the power to render such a judgment where such is warranted by the evidence, LSA-C.C.P. Art. 2164; National Crankshaft Company v. Natural Gas Industries, Inc., 246 La. 395, 165 So.2d 1 (1964); Duggan Machine Company v. Consolidated *894 Well Servicing Company, Inc., 187 So.2d 124 (La.App. 2nd Cir. 1966).
"The doctrines of quasi contract and quantum meruit are found in Articles 1816, 2293 and 2294 of the Louisiana Revised Civil Code, and have always been recognized by the courts of this state. Under these doctrines a person can, by his inaction and acceptance of the benefits of another's labor, obligate himself to pay the reasonable value of the other's labor. * * *"
(Duggan Machine Company v. Consolidated Well Servicing Company, Inc., 187 So.2d at 126).
Brooks v. Britnell, 183 So.2d 434 (La. App. 2nd Cir. 1966), relied on by defendant in opposition to recovery under quasi contract or quantum meruit is factually inapposite for the reason that in Brooks the party sought to be held liable in quasi contract was found and held never to have accepted the benefits of the labor of another, whereas in the instant litigation defendant and his wife did receive benefit as a result of services performed by plaintiff to the extent for which recovery is permitted as indicated hereinafter.
We are satisfied from our review of the record that certain of the services performed by plaintiff, such as emergency repairs, removal of furniture and those clean-up services incident to preparation of an estimate of the amount of fire damages for purposes of adjustment of the claim, were done with the knowledge of the defendant and his wife and redounded to their benefit.
Defendant and his wife were apparently under the assumption that their fire insurer would pay for this clean-up service rather than have the cost thereof included in the settlement which defendant ultimately effected with his insurer. Had defendant or his wife or both known that it would be incumbent on defendant to pay for such services, presumably defendant or his wife would have chosen someone other than plaintiff to perform such services. The fact remains, however, that the performance by plaintiff of such services constituted a benefit received by defendant, thus entitling plaintiff to recover the reasonable value for such services, which were done with the knowledge of defendant and his wife, notwithstanding their apparent misunderstanding as to the financial liability therefor. Mrs. Pepperdene admitted that in her opinion both the insurance company and she and her husband needed an estimate of the loss, both recognized the need for certain clean-up procedures to be undertaken before such an estimate could be given, and both agreed that emergency repairs needed to be made, such as those that were made to the roof.
Plaintiff has satisfactorily proven both the performance of the services for which he billed defendant, not only by his own testimony but also by that of his employees, such as Joseph B. Davis, his carpenter, and Leroy Brown, his helper, and also the reasonable value for such itemized services, by the testimony of Wilton Avon Morris, a general building contractor who testified as an expert witness for plaintiff.
Plaintiff's itemized bill reads as follows:

Temporary repairs to Roof $ 35.00
Wash down Ceilings and Walls
 4,550 sq ft @ 4¢ per foot 182.00
Clean Cabinets in Kitchen 30.00
Move furniture from house to garage 35.00
Remove Doors, Frames, Base, Base
 Shoe, Window trim and remove
 from house 200.00
Remove burned sheetrock, stripping,
 ceiling joist, rafters and roof
 decking over burned Bedroom 150.00
Replace rafters, ceiling joist, roof
 decking and felt
 Materials and Labor 185.00
 ________________
 $ 817.00[[1]]
25% Overhead and Profit 214.25
 ______________
 $1,031.25

*895 The evidence warrants recovery by plaintiff of the cost of all of the enumerated items with the exception of the $182.00 item and the $185.00 item. The first of these two items is disallowed for the reason that the evidence fails to demonstrate that the performance of this service was necessary or resulted in any benefit to defendant. The second of the aforementioned items is likewise disallowed, again for the reason that the evidence fails to demonstrate any benefit resulting from the performance of these services to defendant. Defendant's general contractor, who performed the actual repairs, indicated that this work was unsatisfactory and had to be replaced in order to meet building code inspection.
This results in a recoverable principal cost of $450. We consider the 25 percent "Overhead and Profit" excessive, but will allow plaintiff recovery of 15 percent of the cost items for which recovery is permitted, or the additional sum of $67.50. Accordingly, plaintiff is entitled to recover from defendant the total principal sum of $517.50.
Inasmuch as plaintiff was present upon defendant's premises with the knowledge of defendant and his wife, the reconventional demand grounded on an alleged trespass and emotional inconvenience resulting from the misunderstanding between the parties and the following disagreement with respect to plaintiff's entitled recovery from defendant and concomitant alleged mental anguish and distress, was properly disallowed by the trial court.
For the foregoing reasons, the judgment of the trial court is amended by increasing the principal award in favor of plaintiff and against defendant from $408.50 to $517.50, and in all other respects the judgment of the trial court is affirmed. Defendant is assessed with all costs of this appeal.
Amended and as amended affirmed.
NOTES
[1] The trial judge, by awarding a money judgment in favor of plaintiff in the principal sum of $408.50, merely took this principal figure and allowed plaintiff recovery of 50 percent thereof, a resort to facility which we do not consider judicially warranted.