399 So.2d 1212 (1981)
DELTA SCHOOL OF BUSINESS, BATON ROUGE, INC.
v.
Cheryl D. SHROPSHIRE.
No. 14190.
Court of Appeal of Louisiana, First Circuit.
May 26, 1981.
*1213 Earl Reynolds, Baton Rouge, for plaintiff-appellant.
Benn Hamilton, Baton Rouge, for defendant-appellee.
Before LOTTINGER, EDWARDS and PONDER, JJ.
PONDER, Judge.
Plaintiff appealed from the trial court's dismissal of its suit against defendant on a promissory note.
The issues are: burden of proof, expansion of the pleadings, damages, quantum meruit and denial of a new trial.
We affirm.
Plaintiff, a business school, recruited defendant as a student. During an interview, plaintiff's admissions representative informed defendant that the school would assist her in finding employment upon graduation. Plaintiff's catalogue, which was given to defendant, also advertised a placement service.
Relying on these representations, defendant enrolled in plaintiff's school. She signed a $730.00 promissory note in favor of plaintiff to finance part of the $895.00 tuition. After graduation, defendant experienced difficulty paying the loan. She requested aid of plaintiff's loan officer who directed her to a possible job opening and to an employment agency. When defendant subsequently defaulted on the loan, leaving a balance of $542.44, plaintiff filed suit. The court, upon determining that plaintiff's failure to provide adequate placement assistance amounted to a failure of consideration, invalidated the contract and dismissed plaintiff's suit.
Plaintiff initially complains that defendant has failed to prove the elements of fraud necessary to vitiate a contract. Plaintiff's complaint is misdirected. The oral reasons for judgment reveal the trial court invalidated the contract for failure of consideration, rather than error based on fraud.
Addressing the defense of failure of consideration, plaintiff next argues defendant did not prove she would not have signed the note had the representations about placement not been made. LSA-C.C. Arts. 1824, 1825, and 1826.[1] We find no error in the court's determination that plaintiff's promise of job assistance was a principal consideration in defendant's decision to enroll in the school. We further find plaintiff's recruiting practices and catalogue advertising raise a presumption of its knowledge of said motive.
Plaintiff next contends the court erred in considering the defense of non-performance *1214 as it was not alleged in defendant's answer. We believe paragraphs five and six[2] of defendant's answer gave plaintiff fair notice of her intent to put at issue non-performance of the contract. LSA-C.C.P. Art. 854; Cox v. W. M. Heroman & Co., Inc., 298 So.2d 848 (La.1974).
Plaintiff next claims the court erred in placing the burden on it to prove compliance with the contract. Citing Bohn Ford, Inc. v. Lanza, 347 So.2d 935 (La.App. 4th Cir. 1977), plaintiff argues one who alleges non-performance of the contract has the burden to plead and prove it.
In his oral reasons for judgment, the court stated that defendant's testimony that plaintiff had not complied with the contract placed an obligation on plaintiff to come forward with evidence proving compliance. While this may be an incorrect statement of the burden of proof for non-performance of a contract, we find the error harmless. Both parties testified defendant was assured placement assistance upon graduation. Plaintiff's admission's director admitted placement assistance was a major inducement to enrollment. Defendant's uncontradicted testimony was that upon graduation she received no assistance in finding work. It was only after she was unable to pay her student loan that plaintiff's loan officer on his own volition directed her to a possible job and to an employment agency. We find plaintiff has met the burden of proving plaintiff's non-compliance with the contract.
Plaintiff next argues defendant failed to prove her damages and urges this court to make an award in quantum meruit. Plaintiff misinterprets the judgment of the trial court. The court invalidated the contract between plaintiff and defendant for lack of consideration. Its failure to order plaintiff to return the $352.56 already paid by defendant on the contract amounts to an award in plaintiff's favor of that amount in quantum meruit for services rendered. LSA-C.C. Art. 2294; McMorris v. Pepperdene, 292 So.2d 892 (La.App. 1st Cir. 1974), writ denied, 294 So.2d 840 (1974).
Plaintiff last complains the court erred in denying its motion for a new trial. Plaintiff's motion for a new trial included essentially the same issues raised on appeal. We find no error in the court's denial of that motion.
For the above reasons, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] LSA-C.C. Art. 1824:

"The reality of the cause is a kind of precedent condition to the contract, without which the consent would not have been given, because the motive being that which determines the will, if there be no such cause where one was supposed to exist, or if it be falsely represented, there can be no valid consent."
LSA-C.C. Art. 1825:
"The error in the cause of a contract to have the effect of invalidating it, must be on the principal cause, when there are several; this principal cause is called the motive, and means that consideration without which the contract would not have been made."
LSA-C.C. Art. 1826:
"No error in the motive can invalidate a contract, unless the other party was apprised that it was the principal cause of the agreement, or unless from the nature of the transaction it must be presumed that he knew it."
[2] says further, however, that petitioner has been guilty of deceptive Trade Practices, in that petitioner through artifice, deception and misrepresentation caused defendant to enter into a contractual relationship based on defendant's reliance on petitioner's representation that petitioner would aid and assist defendant in obtaining employment upon completion of petitioner's educational curriculum.
6.
Defendant says further that petitioner has never assisted in obtaining employment, has never attempted to assist her in obtaining employment and has never intended to assist her in obtaining any employment."