535 So.2d 1344 (1988)
IMPRESSIVE BUILDERS, INC.
v.
READY MIX, INC., Great South Engineers, Inc., Foundation Contractors, Inc., d/b/a New Orleans Cable Slabs and Their Insurer, the Northern Assurance Company of America and, Glenn R. Snyder, Individually and as Agent and Representative of Great South Engineers, Inc.
No. 88-CA-450.
Court of Appeal of Louisiana, Fifth Circuit.
December 14, 1988.
*1345 Irl R. Silverstein, Gretna, for plaintiff-appellant.
John M. Holahan, New Orleans, for defendants-appellees Great South Engineers, Inc. and Glenn R. Snyder, Individually.
Terry B. Deffes, Edward A. Rodrigue, Jr., Samuel A. Rosamond, III, New Orleans, for defendant-appellee The Northern Assur. Co. of America.
Before CHEHARDY, KLIEBERT and GAUDIN, JJ.
KLIEBERT, Judge.
Impressive Builders, Inc., a general residential contractor, plaintiff-appellant, filed suit against other defendants not parties to this appeal and against Glynn R. Snyder and Great South Engineers, Inc., (collectively Engineering Firm) the alleged designers of the foundation slab in a house being constructed by Impressive. The suit seeks to recover the alleged cost, some $25,805.00, of correcting defects in the foundation slab.
The Engineering Firm filed exceptions which included, amongst others, an exception of no right or cause of action grounded in the contention the slab was designed for a co-defendant, the foundation subcontractor, and hence there was no privity of contract between Impressive and the Engineering Firm. In opposition to the exception Impressive argued that under the provisions of Civil Code Article 1829(3) it was subrogated by operation of law to the rights of the owner and the foundation subcontractor because it remedied, at its sole cost, the defects in the slab. The trial court maintained the exception and Impressive appealed. For the reasons assigned, we affirm the maintenance of the exception, but remand to the trial court with instructions to give Impressive fifteen (15) days in which to amend, if it can, its petition against the Engineering Firm so as to allege a right and cause of action against the Engineering Firm.
Although lengthy, Impressive's petition is extremely vague. It alleges Impressive acquired a lot in its own name and entered into an agreement with a prospective owner, David Janusa, to build a house in accordance with house plans designed for or by Impressive, by persons not a party to the suit. Impressive "presented" the plans to Foundation Contractors, Inc., (a co-defendant not a party to the appeal) "for the purposes of designing the location tendons" in the foundation slab. The original plans contained "a conventional reinforced four inch, pile-supported slab which had been certified by an engineer" not a party to this suit and "approved by the Jefferson Parish Regulatory authorities." Prior to the commencement of construction, "Foundation aided and/or assisted" by the Engineering Firm [Snyder is alleged to have personally certified the revised foundation plans submitted to the Jefferson Parish authorities for approval] prepared a foundation plan which reduced the number of pilings, eliminated some grade beams and all conventional reinforcements, and incorporated post-tension tendons.
Further, the petition alleges Impressive thereafter installed pilings and forms in accordance with the revised plans, and the foundation subcontractor installed post-tension cables into the form and poured the concrete. Additional allegations relative to the quality of the concrete and the method of pouring the concrete, but not pertinent to this appeal, are made. The petition also alleges the foundation slab so constructed contained "cold joints" and "open, obvious and visible defects," then in one sweeping allegation alleges that defendants (all of them including those not a party to this appeal) "were negligent and/or breached their contractual relationship with Impressive *1346 in the following respects." There then follows general and conclusionary allegations of negligence or breach of contract against a particular defendant or a varying combination of defendants.
It is apparent the desire of the drafter of the petition was to leave the petition vague while avoiding allegations as to the actual relationship between the parties, and thereby enable him to urge whatever theory of liability the facts once known and proven would support against any one or a combination of defendants. Apparently, the trial court concluded the alleged claim by Impressive sounded in contract rather than tort or a combination of both and therefore maintained the exception. We hold a fair reading of the vague petition supports that view. Moreover, as neither Impressive nor Janusa enjoyed privity of contract with the Engineering Firm, no basis exists for contractual liability. See Lumber Products, Inc. v. Hiriart, 255 So.2d 783 (4th Cir.1971).
This is not to say that alternative theories of liability do not exist. In Lumber Products, Inc. v. Hiriart, supra, at 787, the court noted:
"[7] A careful examination of this case and other cases allowing recovery against a contractor in tort by one not privy to a contract with him reveals a significant and basic distinction from those cases denying recovery because of the absence of privity of contract. Where the damage sued for is the defectively performed work itself, the action is strictly a contractual one and only those who are in privity with the contractor have an action against him. However, where the damage sued for is not the defective work but is instead damage caused by the defective work, a tort action against the contractor is proper when the elements for delictual recovery are present."
The court then went on to hold that an owner had no right of action against a subcontractor in a suit to collect for defective workmanship based on a subcontract to which the owner was not privy. Compare Gurtler, Hebert & Co. v. Weyland Mach. Shop, 405 So.2d 660 (4th Cir.1981) writ denied 410 So.2d 1130, wherein a subcontractor was allowed to assert a cause of action in tort against an architect with whom it lacked privity of contract.
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. La.C.C.P. art. 934; Robinson v. North American Royalties, Inc., 470 So.2d 112 (La.1985). Therefore, Impressive should have been given leave to amend its petition in order to allege a cause of action on some theory of recovery other than contract.
Additionally, we hold the trial court correctly rejected Impressive's contention it was subrogated to the rights of the owner and the foundation subcontractors by virtue of its having paid an obligation due by all of them. Louisiana Civil Code Article 1829(3) provides that subrogation takes place by operation of law in favor of an obligor who pays a debt he owes with or for others and who has recourse against those others as a result of the payment. However, this statutory exception to the general rule that no subrogation takes place should be strictly construed. Pringle-Associated Mortgage Corp. v. Eanes, 226 So.2d 502 (La.1969) (on rehearing).
The petition does not reflect or allege the terms of the contract between Impressive and Janusa. Impressive states in its petition that it remedied the defective slab before the sale to Janusa took place. Impressive was still the owner of the immovable property and, apparently, the improvements. As owner of the property and improvements Impressive did not owe a debt "with or for others" because of defects therein. Rather, the subcontractors owed a debt to Impressive, the owner/general contractor. Therefore, subrogation could not have taken place.
Accordingly, the judgment of the district court, insofar as it sustained the exception of no right of action, is affirmed, and the case remanded to the trial court with instructions to allow Impressive fifteen (15) *1347 days from finality of this opinion within which to file an amended petition to allege, if it can, a right and cause of action under some theory of liability other than one in contract. Each party is to bear his own cost of the appeal.
AFFIRMED IN PART AND REMANDED.