KLIEBERT, Chief Judge.
Bar-Tow, Inc.[1] instituted this action against Roy’s Transport, Inc. and Jobbers Oil Transport Company, Inc. (JOTCO), the owner/lessor and lessee, respectively, of a tractor trailer, to recover $6,059.00 allegedly due for the cleanup, towing and subsequent storage of the tractor trailer truck which had wrecked and burned. Following a bench trial, judgment was rendered in favor of Bar-Tow, Inc. for the invoice amount. Their request for attorney’s fees was denied. Only JOTCO appeals.[2] We affirm.
At approximately 4:30 A.M. on March 10, 1988, a tractor trailer carrying a load of aviation fuel turned over and burst into flames on the Mississippi River Bridge in St. Charles Parish (Hale Boggs Bridge). The one vehicle accident was investigated by Trooper George McCoy of the Louisiana State Police. Trooper McCoy testified that when he arrived on the scene the truck was totally engulfed in flames. He testified the truck burned until 11:00 A.M. or 12:00 noon, at which time the only thing left of the trailer was the axles and the assembly. However, the tractor itself remained basically intact. At the direction of the State Police, the wreckage was towed and the highway cleared.
Roy Liner of Roy’s Transport, Inc., the owner of the tractor trailer, testified that he was informed of the wreck at about 5:00 A.M. and immediately left for the scene. When he arrived, Gene Leamount of JOT-CO, the tractor trailer’s lessee, and Trooper McCoy were there. Liner, Leamount, and McCoy then discussed the need to call a wrecker service. Neither Leamount nor Liner had a particular service that they wished to use and Liner testified he said to “call somebody.” The record is unclear who Liner told to “call somebody,” however, the State Police called Barry’s Towing, Inc.
Barry Grundmann of Barry’s Towing, Inc. testified the State Police requested he send two heavy duty wreckers to the scene of the accident at their initial call about 5:30 A.M. He dispatched the equipment and met another Barry’s supervisor, Robert Dicene, at the scene just after daybreak. He and Dicene assessed the situation and called out additional equipment.
Grundmann testified there was no discussion with anyone at the scene of an estimate as to how long the truck would burn and testified the cleanup began about an hour or two after the fire burned out.[3] The cleanup consisted of removing the rear of the trailer from the road so the front-end loader could scoop up its remains and place it in dump trucks. The two heavy duty wreckers were used to pick up the vehicle and place it on a tractor trailer for *205 hauling. Once loaded, the material was transported to Barry’s salvage yard, unloaded and stored.
The material was stored for approximately two and one-half years at Barry’s yard without payment of any amounts due. Grundmann testified, without contradiction by other evidence, that he complied with the mandates of LSA-R.S.32:521,[4] et seq. concerning procedures required to allow for recovery of towing and storage fees. He also testified that a bill for services was immediately sent to Roy’s Transport, Inc. and JOTCO. Then, on August 31, 1988, counsel for Bar-Tow, Inc. sent a demand to Roy’s Transport, Inc. and JOTCO, along with a statement for services itemized as follows:
“STATEMENT RECOVERY LULING BRIDGE
(2) Heavy Duty Wreckers 11 hrs. @ 150.00 per hrs. = $3,300.00
(1) Front End Loader 6 hrs. @ 95.00 per hrs. = 570.00
(1) Escort Vehicle 3 hrs. @ 45.00 per hrs.= 135.00
(1) 12 yard Dump Truck 4 hrs. @ 50.00 per hrs. = 200.00
(1) Heavy Duty Tractor and Equipment Traitor 5 hrs. @ 125.00 per hrs.= 625.00
(2) Fire Extinguisher 30.00
(1) Cable Cradle 75.00
Extra Men & Equipment (2) men 6 hrs. @ 20.00 per hrs. = 240.00
TOTAL $4,969.00
STORAGE TO DATE 1,090.00
TOTAL $6,059.00”
Both, Roy’s Transport, Inc. and JOTCO, acknowledged receipt of the demand. Because the amount due was not paid, this lawsuit followed.
Following a trial on the merits, the trial court rendered judgment in favor of Bar-Tow, Inc. and against Roy’s Transport, Inc. and JOTCO jointly and in solido in the full invoice amount of $6,059.00.[5] Defendants’ claim that the invoice amount was excessive and should be reduced was denied. Bar-Tow’s request for attorney’s fees was also denied.
Only JOTCO appeals, asserting the following assignments of error:
1. The Trial Court erred in holding JOTCO liable where:
a. Delictual liability was neither' pleaded nor proved;
b. No contract existed between JOT-CO and Bar-Tow, Inc.;
c. No legal basis existed for solidary or joint liability of JOTCO with Roy’s Transport;
d. The requisites for quantum meruit recovery were not satisfied.
2. The Trial Court erred in holding JOTCO liable where Bar-Tow, Inc. did not prove their compliance with then existing towing statutes.
*206 3. The Trial Court erred in awarding judgment for the full amount of the Bar-Tow, Inc. bill.
4. The Trial Court erred in awarding interest from the date of judicial demand.
We find no error in the trial court judgment. An accident occurred on the Hale Boggs Bridge. In order to insure continued and safe operation of the highway, the wreckage needed to be removed. As stated in Hopper v. Bills, 255 La. 628, 232 So.2d 296 (1970) 232 So.2d at page 299:
“LSA-R.S. 32:2 empowers the Department of Highways, as an exercise of the police power of the State, to supervise and regulate all traffic on all highways within the State of Louisiana- LSA-R.S. 32:3 recites: ‘The department of public safety shall enforce the provisions of this Chapter and the department’s regulations adopted pursuant thereto on all highways of this state within its jurisdiction and shall exercise such other power and authority as is specifically set forth in this Chapter or other laws of this state.’ ”
LSA-R.S. 32:5 states:
“All law enforcement officers of this state or of any political subdivision thereof invested by law with authority to direct, control, or regulate traffic are authorized to enforce the provisions of this Chapter and regulations of the department and the commissioner adopted pursuant hereto, within their respective territorial jurisdictions, except as otherwise provided by law or this Chapter.”
LSA-R.S. 48:347(C) authorizes the DOTD to remove obstacles or hazards from the highway “... at the expense of the person responsible therefor.”
Thus, notwithstanding the question of whether Roy’s Transport, Inc. and JOT-CO acquiesced in having Barry’s Towing, Inc. remove the wreckage, the State Police clearly had the authority to have the wreckage removed at the expense of the responsible party. The question, then, is who is the responsible party. Clearly, as the owner of the truck, Roy’s Transport, Inc. is a responsible party.
Likewise, JOTCO, as operator of the vehicle, is the responsible party and liable for the services rendered by Bar-Tow, Inc.
Further, the contract of lease between Roy’s Transport and JOTCO provides in pertinent part as follows:
“5. Lessee shall, and does hereby assume responsibility for all liability arising from the operation of the equipment, and/for all fines or penalties imposed by any court of law or by any regulatory commission or agency for violation of any law, rule, or regulation.
* * * * * *
7. Lessor shall maintain insurance for protection of his equipment.”
Thus, the contract of lease clearly places responsibility for this towage, cleanup and storage bill on the lessee, JOTCO, subject to the contractual hold-harmless clause and the clause reserving to lessee the “right to recoup any and all financial losses incurred through negligence on the part of lessor or lessor’s operator.”[6] Accordingly, we find no error in the trial court judgment casting both Roy’s Transport and JOTCO liable for the services rendered by Bar-Tow, Inc.
JOTCO also argues the Bar-Tow, Inc. bill is excessive and should be reduced or disallowed due to Bar-Tow, Inc.’s failure to comply with LSA-R.S. 32:521. They maintain that a large portion of the charge concerns numerous hours Bar-Tow, Inc. employees and equipment waited for the fire to burn out. They argue the wreckers could have performed other jobs, then come back to this site.
We disagree. Bar-Tow, Inc. dispatched two heavy duty wreckers to the accident scene in compliance with the State Police request. They arrived at approximately 7:00 A.M. Mr. Grundmann arrived at approximately 6:15 A.M. and, after a survey of the scene, determined that additional *207 equipment was needed to complete the job and called for same. Mr. Grundmann initially testified the salvage operation began at about 10;00 A.M., while Mr. Liner estimated it was about 11:00 A.M. or 12:00 noon before the salvage operation started. In any event, the operation was completed, the vehicle and debris removed and stored at Bar-Tow, Inc.’s yard. As testified by Mr. Grundmann, Bar-Tow, Inc. complied with the notice requirements of LSA-R.S. 32:521, et seq. This evidence was not contradicted nor was evidence introduced concerning how the bill was excessive. Counsel for JOTCO simply argues the wait time for the equipment, in particular the two heavy duty wreckers, was too long.
We disagree. The two heavy duty wreckers were dispatched from Jefferson or Orleans Parish to St. Charles Parish, in accordance with the State Police instructions. No time estimate was made as to how long the fire would burn. To hold the equipment was required to leave the scene and perform other jobs would have the probable effect of increasing the cost due to the increased travel time and, more importantly, the highway may not have been cleared in the quickest, most efficient manner. Accordingly, we cannot say the trial court erred in awarding Bar-Tow, Inc. the full amount of $6,059.00 for services rendered.
Finally, JOTCO maintains interest should be awarded only from the date of judgment, not the date of demand as provided in the trial court judgment, because liability could only be based on quantum meruit, not contract.
We agree. There was no privity of contract between JOTCO and Bar-Tow, Inc. to perform towing and salvage operations and therefore no basis exists for contractual liability. See Impressive Builders v. Ready Mix, Inc., 535 So.2d 1344 (5th Cir.1988). However, under the doctrine of quasi contract and quantum meruit, a person can, by his action and acceptance of benefits of another’s labor, obligate himself to pay reasonable value of the other’s labor. Duggan Machine Co. v. Consolidated Well Servicing Co., 187 So.2d 124 (2nd Cir.1966). Here, a JOTCO representative was at the scene of the accident and did not object to the use of Barry’s Towing, Inc. to perform the salvage services. We have found no error in the trial court ruling that the fee charged was reasonable; however, the court erred in awarding interest from the date of demand. The rule is that, as the amount of the award is not liquidated until the judgment is rendered when recovery is limited to quasi contract, interest is only calculated from the date of judgment. Howell v. Rhoades, 547 So.2d 1087 (1st Cir.1989).
Accordingly, for the foregoing reasons, the trial court judgment in favor of Bar-Tow, Inc. and against JOTCO and Roy’s Transport, Inc. is amended, only as it relates to JOTCO, to reflect that interest is due from the date of judgment. As amended, the judgment is affirmed. Costs of the appeal are to be borne by JOTCO.
AMENDED AND, AS AMENDED, AFFIRMED.

. Bar-Tow, Inc. was formerly Barry’s Towing, Inc.

. The judgment as it relates to Roy’s Transport is definitive.

.He initially estimated he started around 10:00 A.M., but later testified he wasn’t positive of the time he started.

. LSA-R.S. 32:521, et seq. was repealed by Acts 1989, No. 522, Section 2. See now generally 32:1711, et seq.

. The itemization on the invoices produces a total of $6,265.00.

. The enforcement of the hold-harmless clause or the negligent recovery clause was not before the trial court or this Court.